## McCulloch et al. v. The State of Indiana.

[No. 21,611. Filed October 4, 1910.]

1. Contempt.—*Rule to Show Cause.*—*Failure to Enter.*—*Waiver.* —Where defendants in a contempt case enter a full appearance. and answer to the merits of the charge made in the affidavit, they waive any error because of a failure of the court to enter an order against them for a rule to show cause why they should not be punished. p. 530.

2. CONTEMPT.—*Board of Public Works.—Removing Obstructions from Alley.*—Where the members of the board of public works of a city were mandated to remove the obstructions from an alley, and they took such official measures as were authorized to have such obstructions removed, and received reports from the officials as well as frontagers that the obstructions were removed, they cannot be held guilty of a contempt because a part of such obstructions were not removed. Montgomery, J., dissents. pp. 531, 535.

3. MANDAMUS.—*Board of Public Works.*—A writ of mandate directed to the board of public works of a city commands an official duty, and imports that official means shall be used in the performance of the things commanded. p. 534.

4. CONTEMPT.—*Essentials.*—The essence of a contempt of court is the wilful or defiant disregard of the court and its authority. p. 535.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by The State of Indiana against Thomas M. McCulloch and others. From a judgment for the State, defendants appeal. *Reversed.*

*Alexander Dowling* and *Stotsenburg & Weathers,* for appellants.

*James Bingham,* Attorney-General, *E. M. White, A. G. Cavins* and *William H. Thompson,* for the State.

JORDAN, J.—This was a prosecution in the lower court in the name of the State against appellants, Thomas M. McCulloch, Philip Strack and George B. Gardner, members of the board of public works of the city of New Albany, for an indirect contempt of the Floyd Circuit Court, alleged to have been committed by them in failing to obey a peremptory writ of mandate of said court, commanding them to remove all obstructions upon a certain alley in said city of New Albany.

The proceedings were instituted in the lower court on November 13, 1909, upon the affidavit of Frank Green. This affidavit charged that on June 10, 1909, in an action in the Floyd Circuit Court, brought by the State of Indiana, on the relation of affiant, Frank Green, against defendants, members of the board of public works of the city of New

Albany, a peremptory writ of mandate was issued upon the order of said court, commanding defendants forthwith to remove all obstructions on a public alley in said city, situated between State street and Walnut street and running from Albany street southwardly across Blair street and Washington street, and terminating in a twenty-foot cartway. This writ of mandate was served upon defendants by the sheriff of Floyd county.

It was further charged by affiant that all the obstructions which defendants were instructed to remove, except one voluntarily removed by George Hartman, yet remain in and obstruct said alley, and that defendants, as such board of public works of the city of New Albany, have wholly failed and refused to comply with the order of said Floyd Circuit Court contained in such peremptory writ of mandate. Upon the filing of this affidavit the Floyd Circuit Court ordered the cause to be placed upon its docket, and cited defendants to appear before said court on November 20, 1909, then and there to show cause why they should not be punished for contempt of court. In compliance with the citation, defendants appeared in court and filed a duly verified answer in discharge of the citation to show cause. By said answer defendants alleged the following facts: They are, and for the year last past have been, members of, and comprise, the board of public works of the city of New Albany, Indiana. On Thursday June 10, 1909, a peremptory writ of mandate in the cause of the State of Indiana, on relation of Frank Green, versus Thomas McCulloch, Philip Strack and George B. Gardner was served upon them by the sheriff of Floyd county. The first regular meeting of the board of public works was held on June 12, 1909. At said meeting a resolution was introduced and adopted by the board of public works requiring the police department of said city to notify all persons to remove any fences, buildings or obstructions which they had upon the alley in controversy in said city of New Albany. The police de-

partment, through one of its officers, James McLaughlin, gave notice of the adoption of the resolution of the board of public works, to the property owners along said alley who had obstructions thereon to remove such obstructions within ten days.

The defendants state in their answer that within a few days thereafter, at the next regular meeting of the board, Charles Umbreit appeared before said board and reported that all the obstructions were removed from said alley except one building, and that he had a contract, with a person named, to remove said building, which would be done within a few days. Defendants stated that other property owners along said alley had notified different members of the board that all obstructions had been removed from the alley, and defendants fully believed that their orders had been complied with, that the police department had executed said orders of the board, and that said matter had been ended. They further stated that the alley had never before been opened and was not well defined, and that they had no personal knowledge of the exact limits thereof; that after said action of the board no notice or information of any kind came to the board that any obstructions in said alley had not been removed, until the filing of the affidavit herein by Frank Green on November 13; that from June until November members of the board believed that the order of the Floyd Circuit Court had been fully complied with, and that their intention in having the order passed and the notice served was fully and completely to comply with the orders of this court.

It is further stated in the answer that defendants, on November 13, 1909, upon being served with notice that there still remained obstructions in said alley, called a special meeting of the board on November 17, 1909, and passed the following resolution:

"WHEREAS, after the decision of the Floyd Circuit Court in the case of The State of Indiana, on the rela-

tion of Frank Green, versus Thomas M. McCulloch et al., and upon mandate being issued, the board of works of the city of New Albany, on June 12, 1909, passed an order requiring the property owners to remove all obstructions from the alley between State street and Walnut street, running from Albany street southwardly across Blair street and Washington street to a twenty-foot cartway, and that said order of the board be served by the police department upon the property owners, which was done, and whereas, it was afterwards reported to the board by certain of the property owners along such alley that all obstructions had been removed, and whereas, it has now come to the knowledge of this board that certain of the property owners have failed to remove obstructions from said alley, and whereas, there is an uncertainty as to the line and limits of said alley. Now, therefore, be it resolved, by the board of public works that the city engineer at once run the line of such alley according to the plat, and that the property owners having any obstructions in said alley be given one day's notice by the clerk to remove them and if any person fails to obey said order and remove such obstructions, that the police department at once remove all such obstructions, and that the expense of said removal be collected from such property owners so failing to remove said obstructions.''

Defendants further say that, after service of notice of the last resolution, the city engineer of New Albany located the lines of said alley as directed, and thereupon the property owners along said alley, as defendants are informed, removed all buildings, fences and other structures and obstructions from said alley; that they have never at any time intended or had any thought of disobeying the process of this court, but believed that all obstructions had been removed from said alley before July 1, 1909, and that neither the relator in the former action nor any one else informed them to the contrary; that this board fully complied with the orders of this court by ordering said obstructions removed, and believed and were given to understand that all obstructions had been removed within ten days after

service of the peremptory writ of mandate in June, 1909, and defendants therefore ask the court that they may go hence fully discharged.

There was a trial by the court, and upon the evidence heard the court found defendants guilty of an indirect contempt of court, as charged in the affidavit, and assessed a fine of $25 against each of them. For the recovery of the fine assessed the court rendered a judgment against appellants in favor of the State, and further adjudged that they pay all costs.

Appellants each filed a separate motion for a new trial, assigning therein, among other reasons, the following: (1) Insufficiency of the evidence to sustain the finding of the court, and that the finding was contrary to law. (2) That the court erred in refusing to discharge each of them. These motions the court denied, and thereupon appellants prosecuted this appeal to the Supreme Court for reversal of the judgment below. It is first urged by their counsel that the court erred in requiring them to answer and in punishing them for contempt, without first entering against them a formal rule to show cause.

It will be noted that an affidavit was first filed as the basis of the proceeding, which appears to have advised appellants of what they were required to meet, in response to the citation issued against them to appear in court and show cause. They did appear, but interposed no objections to the affidavit, neither did they raise the point that the lower court should have entered a rule against them to show cause, which point they now present for the first time in this appeal. But, upon the contrary, they filed the answer hereinbefore set out, and went to trial without making any objections to the affidavit, or in regard to the failure of the court to issue the rule for which they now contend. If, upon any view, under the facts and the character of this case, it could be said that appellants were legitimately entitled, as a matter of right, to demand that,

in addition to the affidavit herein, a formal rule of court be entered against them to show cause, they certainly waived such right by their full appearance in court, and by filing an answer to the affidavit, as they did, without interposing any objections or attempting to raise the point which they now seek to present. *Worland* v. *State* (1882), 82 Ind. 49; *Hawkins* v. *State* (1890), 125 Ind. 570.

The undisputed evidence establishes substantially the following facts: Appellants comprise the board of public works of the city of New Albany, Indiana, and for 2. more than two years prior to the institution of the proceedings herein have been serving as such officials. In the year 1907 and prior thereto there was in said city an alley which had never been laid out, opened, extended or improved by the city, and a controversy existed in respect to its boundaries, or the width thereof, it being described merely as an alley between State street and Walnut street, running from Albany street southwardly across Blair street and Washington street to a twenty-foot cartway. This alley was in a remote part of the city of New Albany and contained a deep hollow or ravine which ran through it, and was quite rough in other respects. A controversy arose that no such public alley, as that described, existed. The portion of the city in which this alley was situated had been platted some fifty or sixty years before, and during that time no alley had been opened or used. In 1907 a petition was filed with the board of public works to have the alley opened, but upon investigation, and a hearing accorded to the citizens interested, the board decided that, on account of the roughness of the ground and the cost of improving the alley, and by reason of the fact that only a few persons would be benefited thereby, and because it was uncertain as to where the limits of said alley were, it was not practicable to open it.

Thereafter Frank Green, relator therein, who owned property abutting on the alley, commenced a suit in the

Floyd Circuit Court to obtain a writ of mandate against appellants, then constituting the board of public works, to compel them to open said alley and remove all obstructions therefrom. He succeeded in this action. An appeal to the Appellate Court of Indiana was prayed by defendants, members of the board of public works, but, on the advice of the mayor of said city of New Albany, this appeal was never perfected, on account of the costs thereof. On June 10, 1909, a peremptory writ of mandate was issued by the Floyd Circuit Court, commanding appellants herein, as members of the board of public works, to remove all obstructions and fences from the alley in question. This writ was served upon appellants on June 11, 1909, by the sheriff of Floyd county, and on June 12, 1909, a meeting of the board of public works was held, and in compliance with said writ of mandate a resolution was unanimously adopted and passed by the board, directing the police department to notify all persons along the line of the alley in question, as described and mentioned in the writ of mandate, to remove all buildings, fences and obstructions upon such alley, and that they be removed within ten days after the receipt of the notice. The obstructions complained of appear to have consisted of fences, pens and outbuildings. In two or three days after the adoption of the resolution, and the giving of the notice, one Hartman, who had fences on the alley, notified the board of public works that he had removed his fences, and Charles Umbreit, who maintained the principal part of the obstructions in the alley, appeared before the board, within the ten days given for the removal of the obstructions, and informed the board that he had removed one of the buildings, which constituted a part of the obstruction, and that he had contracted with a certain person to tear down and remove the other buildings, and assured the board that the alley would be cleared of all obstructions in a few days. Thereafter other parties informed the board that the alley was cleared of obstructions.

All this took place about the middle of June, 1909. The board, having given orders to the police to remove all obstructions, and having received information that such orders had been complied with, and that the alley had been cleared, passed the matter over. This alley was situated quite a distance from the office of the board, in a remote part of the city of New Albany. Neither the relator, Frank Green, who, in the main, was pressing the opening of the alley, nor any other person, appears to have notified the board or made any complaint that the alley had not been cleared of obstructions. The members of the board, relying upon the statements which had been made to them, and the assurances given by the people who resided along the alley, and believing that the police department would see that the orders of the board were obeyed, and relying thereon, gave no further attention to the matter. Two members of the board, however, appear to have gone along the line of the alley for the purpose of seeing whether the obstructions had been removed. These members found that some of them had not been, but received assurances that they would be removed as soon as possible.

On November 13, 1909, relator filed an affidavit in the Floyd Circuit Court alleging therein that appellants had failed and refused to remove the obstructions from said alley. This appears to have been the first information appellants received that the obstructions had not been removed. After being advised by this affidavit and the citation issued thereon that the obstructions had not all been removed from said alley, appellants convened, as the board of public works, on November 17, 1909, and passed another resolution, requiring the police department to notify the property owners to remove the remaining obstructions within one day. Upon their failing so to do, the obstructions were to be removed by the police and the street commissioner. Within two days thereafter, and before appellants appeared in court and filed their answer, and before the

hearing of the proceedings for alleged contempt, all of the obstructions in the alley had been removed. Appellants in their testimony disclaim and disavow that they at any time had ever intended or had any thought or intention of disobeying the writ of mandate served upon them.

What appellants, under the writ of mandate issued against them in the original proceeding, were in effect com-

3. manded to do, was the performance of an official duty resulting from the office which they held as members of the board of public works of the city of New Albany. §1225 Burns 1908, §1168 R. S. 1881. The writ did not contemplate that they should go in person and remove the obstructions from the alley in question, but it intended only that they, in the performance of the duty required of them, should act as the board or tribunal which they constituted by and through the procedure provided by law for the discharge of such duty. Section ninety-three of the governing act of 1905, pertaining to cities and towns (Acts 1905 p. 219, §8696 Burns 1908) provides: ''The board of public works shall have power: * * * Thirteenth. To direct the removal of any or all structures in the streets, alleys or public places of such city, and to remove the same at the expense of the persons maintaining the same on their failure to make such removal.''

Section 8960 Burns 1908, Acts 1905 p. 219, §266, makes it the duty of police officers of a city or town, when directed to do so by the proper authority, ''to open up any street, alley, watercourse or public grounds, and to remove any and all obstructions therein.'' It is further provided that ''when any person, after five days' notice given by order of the board of public works or the common council of any city or the board of trustees of any town, shall fail, neglect or refuse to remove obstructions from such street, alley * * * or public grounds, such council or board shall cause the same to be removed at the expense of such person.''

Upon a full consideration of the evidence in this case,

the question arises, Are defendants shown to be guilty of the contempt charged in the affidavit? To a great

4.  extent, the very substance or essence of a contempt of court is a wilful defiance or disregard of the court and its authority. Rapalje, Contempts §115; *Fishback* v. *State* (1891), 131 Ind. 304; *Shirk* v. *Cox* (1895), 141 Ind. 301.

There is absolutely no evidence in the case to show that appellants wilfully defied or refused to obey the mandate of the court, but, on the contrary, they· did obey it

2.  and carried it into effect so far as it .was, under the law, in their power, as members of the board of public works, to do so. The evidence wholly fails to sustain their conviction of the contempt charged. There is no room thereunder for any inference to be deduced therefrom, except that favorable in all respects to their innocence. Their conviction cannot be justified upon the contention that the lower court found the facts adverse to them, and that its judgment should not be reviewed or disturbed in this appeal. This rule only prevails in a case, either civil or criminal, where there is evidence to sustain the judgment of the lower court upon every material point.

Briefly to recapitulate: Under the writ of mandamus issued in the original action, it was not intended that appellants should personally remove the obstructions upon the alley in question. All they were required to do as a board, in complying with the writ, was to proceed through the channels provided by law for the removal of obstructions in a public alley or street of a city. This procedure the board appears to have pursued. It is shown that the very next day after the service of the writ of mandamus the board convened, and passed a resolution directing the police department of the city to notify all persons who maintained obstructions in the alley in question to remove them therefrom. In compliance with this resolution the police de-

partment appears to have notified all persons who had obstructed the alley to remove the obstructions therefrom. Thereafter the board was informed that the obstructions had been removed, in compliance with its orders. It appears, however, that Charles Umbreit, residing along the line of the alley, had not fully complied with his promise to remove the obstruction which he maintained. However, no complaint was made to appellants that the alley had not been fully cleared of all obstructions, as required by the order of the board, and it was not until November 13 that appellants were apprised by the affidavit filed by Green charging them with contempt of court that all of the obstructions had not been removed. Thereupon they at once' convened as a board, and passed another resolution requiring the police department to notify any person having any building or obstruction in the alley in controversy to remove it in one day. About two days thereafter it appears that Umbreit removed his obstruction, and the alley was wholly cleared of all obstructions before appellants were required to appear in court and answer for contempt.

Under the facts in the case, whatever delay, if any, was occasioned in the removal of the obstructions from the alley cannot be said to be attributable to appellants as members of the board of public works. Manifestly, under the facts in the case, the lower court erred in finding appellants guilty of contempt. For which error the judgment is reversed, and the cause remanded, with instructions to the lower court to grant a new trial.

Montgomery, J., dissents.