## HICKEY *v.* STATE.

### Opinion delivered March 27, 1916.

LIQUOR—SOLICITING SALES—INJUNCTION.—Defendant, under Act 109, page 408, Acts 1915, may be restrained from maintaining a public nuisance in violation of Kirby's Digest, § 5133, where, in a city in Arkansas, after the passage of Act 30, page 98, Acts of 1915, he engaged in said city in soliciting orders for the sale of whiskey by a firm in Missouri, of which he was a member, to persons in Arkansas.

Appeal from Sebastian Circuit Court; *Paul Little,* Judge; affirmed.

*Holland & Holland,* for appellant.

1. Kirby's Digest, § 5133 has no application to sales made out of the State. If it did the act is void. Soliciting orders for a dealer out of the State is not a violation of the statute. 24 L. R. A. 270; 78 S. W. 951; 82 Ark. 405; 99 *Id.* 563.

*Wallace Davis,* Attorney General, and *Hamilton Moses,* Assistant, for appellee.

1. The liquor laws are cumulative. Defendant was tried under section 5133, Kirby's Digest and Acts 1907, Act 135 which changes the common law rule as to agency. The solicitation of orders for liquor makes out an offense. 114 Ark. 149. His acceptance of the order and the delivery in this State is a sale in this State. 88 Ark. 273; 42 *Id.* 275; 41 *Id.* 355; 105 *Id.* 462; 88 Ark. 240.

2. Since the passage of the Webb-Kenyon Liquor Law, intoxicating liquors have lost their interstate character. 145 N. W. 451; 69 So. 652; 238 U. S. 190; 210 Fed. 378; 219 *Id.* 579. See also, 87 Miss. 171. Appellant was clearly guilty under the Woods Nuisance Act.

HART, J. This action was instituted by the prosecuting attorney of the twelfth judicial circuit against J. E. Hickey to enjoin him from using a certain building in the city of Fort Smith for the purpose of soliciting orders for the sale of whiskey.

The prosecuting attorney proceeded under an act entitled an act to define certain public nuisances and to provide for the abatement thereof.   See Acts of 1915, p. 408.

The facts are as follows:  Prior to our act prohibiting the issuance of liquor licenses in the State of Arkansas approved February 6, 1915,* the defendant Hickey was engaged in operating a saloon in Fort Smith, Arkansas.   After his saloon in Fort Smith was closed, he formed a partnership for the sale of liquors at Monette, Mo., under the firm name of Monette Liquor Company. He opened an office in Ft. Smith, Ark., and stayed there for a part of the time for the purpose of sending orders to his liquor firm in Monette, Mo.   The officers found an order blank in his office of the Monette Liquor Company at Monette, Mo., envelopes addressed to that firm and also a circular letter with the letter head of that firm. The letter was signed Monette Liquor Company, Monette, Mo., by J. E. Hickey, and it informed his friends and customers that he had shipped his stock of liquors from Ft. Smith, Ark., to Monette, Mo., and had opened a liquor house with orders as a specialty.   The letter after soliciting the patronage of his former customers said, "I will be in Fort Smith a portion of my time and any information you may desire I can tell you if you ring our former Fort Smith phone number 1168.  Again thanking you and assuring you that any favors shown us will be certainly appreciated we remain," etc.

One of the police officers of the city of Fort Smith testified that Hickey told him that he was soliciting orders in the city of Fort Smith to send to the Monette Liquor Company; that he was accepting orders in Fort Smith but was not taking any money.

Another officer stated that he told him that the circular letter found in his place of business was sent out to prospective customers together with a price list which was also found in the Fort Smith office occupied by Hickey.   He was then asked this question:  "Did he

*Act 30, page 98, Acts 1915.—(Rep.).

(referring to Hickey) say that was a part of his business?" The witness answered, "yes."

The circuit judge rendered a judgment restraining Hickey from soliciting and transmitting orders for intoxicating liquors at his place of business in Fort Smith, Ark. The defendant has appealed.

In the case of *Dalamater* v. *South Dakota*, 205 U. S. 93, 10 A. & E. Ann. Cas. 733, the court held that since the enactment of the Wilson Law which expressly provided that intoxicating liquors coming into a State should be as completely under control of the State as though manufactured therein, the owner of intoxicating liquors in one State can not, under the commerce clause of the Constitution, go himself or send his agent into another State and, in defiance of its laws carry on the business of soliciting proposals for the purchase of such liquors. In that case it was contended that because under the Wilson Act, a resident of one State had the right to contract for liquors in another State and receive the liquors in the State of his residence for his own use, he had the right to go into a State and there carry on the business of soliciting from residents of that State orders for liquor to be consummated by acceptance of the proposals by the nonresident dealer. The court said that this contention ignores the broad distinction between the want of power of a State to prevent a resident from ordering from another State liquor for his own use and the plenary authority of a State to forbid the carrying on within its borders of of the business of soliciting orders for intoxicating liquors situated in another State, even though such orders may only contemplate a contract to result from final acceptance in the State where the liquor is situated. See also, *State of Alabama, ex rel.* v. *Delaye,* 68 So. 993, 57 L. R. A. (N. S.) 640. Therefore being unable to prohibit the shipment of intoxicating liquors into the State, the Legislature of several states have enacted laws prohibiting the soliciting of orders for liquors by agents of liquor dealers of other states and of the same State out of the limits of the prohibited territory. Our Legislature provided that it shall be unlawful for any person,

firm, partnership or corporation engaged in the sale of
alcohol or any spirituous, ardent, vinous, malt, or fer-
mented liquors, where the same may be lawful, to solicit
orders, either by agent, or otherwise, for the sale of alco-
hol or any spirituous, ardent, vinous, malt, or fermented
liquors in any place or places in this State where same is
prohibited by law. Kirby's Digest, section 5133.

The gist of the offense is the soliciting of orders in
prohibited territory and the penalties of the statutes are
denounced against the licensed dealer whether in or out
of the State.

The testimony in this case shows that Hickey had a
place of business in the city of Fort Smith from which he
solicited orders for a liquor house at Monette, Mo., in
which he was interested as a partner. In the circular
letter of his firm, which was signed by him, he told his
former customers that he would be in Fort Smith a part
of the time and to call on him for information in regard
to the purchase of liquor, at the same time giving his
phone number.

An officer of the city of Fort Smith testified that
Hickey had told him that he was soliciting orders to send
to the Monette Liquor Company and the circular letters
stated that company was doing business at Monette, Mo.

Another officer testified that he told him that his
firm was sending out a circular letter and he was asked by
the court if that was a part of his business and replied,
yes. The court might have inferred from this that Hickey
himself was sending out circular letters from his office
at Fort Smith, Ark.

The testimony was sufficient to have established the
fact that he was soliciting orders for the sale of whiskey
by his firm at Monette, Mo. This was contrary to sec-
tion 5133 of Kirby's Digest. Therefore he was main-
taining a public nuisance under Act 109 of the Acts of
1915, and under that act the circuit court was given the
power to abate the nuisance by injunction. See Acts of
1915, p. 408.

The judgment will be affirmed.