HICKEY *v.* STATE.

Opinion delivered May 15, 1916.

PROSECUTING ATTORNEY—FEES.—Where an injunction is obtained, preventing defendant from conducting a nuisance, under the terms of Act 109, Acts of 1915, no provision is made for the assessment of an attorney's fee as authorized by Kirby's Digest, § 2620.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge; motion denied.

*Holland & Holland,* for appellant.

*I. S. Simmons,* prosecuting attorney, *pro se.*

*Per Curiam:* This was an action to enjoin the appellant, under Act No. 109 of the General Assembly of 1915, from operating a place which constituted a nuisance

under the terms of that act, and we affirmed the judgment of the lower court. *Hickey* v. *State,* 123 Ark. 180, 184 S. W. 459.

The prosecuting attorney who instituted the proceedings on behalf of the State now files a petition asking that a fee in the sum of $20.00 be taxed in his favor. He bases his claim upon section 10 of the Act of 1915, which reads as follows:

"Section 10. In all cases wherein the bill or petition hereunder is filed upon the relation of a prosecuting attorney of this state, and a permanent injunction is granted therein, said officer shall receive such fees as are now provided by law for convictions for the illegal sale of intoxicating liquors, said fees to be paid by defendant as part of the cost of the case."

It will be observed that the language of the statute is that the prosecuting attorney shall receive "such fees as are now provided by law for convictions for the illegal sale of intoxicating liquors." The general statutes of the State fixing fees of prosecuting attorneys in misdemeanor cases, including sales of intoxicating liquors, provide that there shall be a fee of $10.00 paid to the prosecuting attorney "for each conviction on indictment, presentment or information for misdemeanor or breach of the peace." Kirby's Digest, § 3488. The prosecuting attorney is, in the present case, undoubtedly entitled to the fee for the conviction, and that was taxed in the court below. There is another statute (Kirby's Digest, § 2620) which provides that upon the affirmance by the Supreme Court of a judgment of conviction in a misdemeanor case, "an attorney's fee of twenty dollars, to be paid to the prosecuting attorney, shall be taxed as part of the costs of the appeal." It is under this section of the statute, in connection with the other section quoted from the Act of 1915, that the prosecuting attorney bases his claim.

We do not think that the officer is entitled to the fee which he claims in the present case. The Act of 1915 gives him the same fees in this class of cases as the statute

gives him "for convictions for the illegal sale of intoxicating liquors." Now, the only fee which falls within that definition is the fee fixed by statute for convictions in criminal cases. The fee authorized to be taxed upon an affirmance of a judgment of conviction by this court does not fall within that designation. Costs are peculiarly the creature of the statute and can not be enforced except when expressly authorized by the statute. The prosecuting attorney is not required to perform any service in cases pending in the Supreme Court, and the statute which we have quoted, giving an affirmance fee, is imposed merely as a part of the penalty on a defendant who has been convicted, and it is not given as compensation to the prosecuting attorney for any services performed in that case in the Supreme Court.

The Act of 1915, like other penal statutes, must be strictly construed, and when it is viewed in that light it can not be stretched so as to embrace the affirmance fee authorized by Kirby's Digest, § 2620.

The motion to tax the fee is, therefore, overruled.