NICHOLS *v*. STATE.

Opinion delivered October 18, 1926.

1. INTOXICATING LIQUORS—SALE IN BUILDING—INJUNCTION.—Under Crawford & Moses' Dig., § 6196, declaring engaging in the sale of intoxicating liquors in a building to be a nuisance, and .§ 6201, providing that such nuisance may be enjoined, *held* that the circuit court has jurisdiction to restrain the sale of intoxicating liquor in defendant's home and to punish disobedience of such order.

2. INTOXICATING LIQUORS—SUFFICIENCY OF INFORMATION.—Where an information for contempt, under Crawford & Moses' Dig., § 6202,

is filed by the prosecuting attorney, his official oath is a sufficient verification.

3. INTOXICATING LIQUORS—CONTEMPT CITATION.—An order of the circuit court for the issuance of a citation for contempt as authorized by Crawford & Moses' Dig., § 6202, at the instance of the prosecuting attorney, reciting acts in violation of an injunction against engaging in the sale of liquors in defendant's home, held a substantial equivalent of filing an information.

4. CRIMINAL LAW—IRREGULARITY IN PROCESS—WAIVER BY APPEARANCE.—Any irregularities in the issuance of process are waived by defendant's appearance in response to a citation for contempt in violating an injunction against the sale of intoxicating liquors issued under Crawford & Moses' Digest, § 6202.

5. CRIMINAL LAW—TIME TO MAKE DEFENSE—WAIVER.—Where defendant, accused of violating an order restraining her from selling liquors at her home, voluntarily entered her appearance and denied the facts alleged in the citation for contempt, without asking for further time to prepare her defense, she will be held to have waived her right to further time.

Appeal from Garland Circuit Court; *Earl Witt*, Judge; affirmed.

*Berry H. Randolph*, for appellant.

*H. W. Applegate*, Attorney General, and *Darden Moose*, Assistant, for appellee.

HART, J. Lillie Nichols filed a petition for a writ of certiorari in this court to quash a judgment of contempt against her in the circuit court.

The record shows that, on the 14th day of April, 1926, the circuit court, on the relation of the prosecuting attorney, found that a building occupied by Lillie Nichols was a public nuisance. The record recites that the State was represented by the prosecuting attorney, and that the defendant appeared in person and by attorney, and that the court found, upon the oral evidence introduced, that the place occupied by the defendant was a public nuisance and that said nuisance should be abated. It was adjudged that the defendant be restrained from further using said premises for the purpose of selling liquor or for storing liquor therein.

On the 8th day of July, 1926, the circuit court entered of record an order directing the circuit clerk to issue a

citation to the defendant to appear in court on July 12, 1926, to show cause why she should not be punished for contempt. The record recites that the prosecuting attorney asked for the citation for contempt against the defendant because she had refused to comply with the order of the court enjoining her from further engaging in the sale of liquor or for storing liquor in a certain building occupied by her as a dwelling-house and store on the Mount Ida-Hot Springs Highway, in Garland County, Arkansas.

An order of the circuit court of July 17, 1926, recites that the State of Arkansas appeared by the prosecuting attorney, and the defendant in her own proper person, and the court proceeded to hear the testimony of witnesses on the citation for contempt. The order further recites that the case is continued for further testimony.

On the 13th day of August, 1926, the prosecuting attorney caused to be filed by the circuit clerk, in the case of State of Arkansas v. Lillie Nichols, in the Garland Circuit Court, the following:

"Notice of Citation for Contempt. You are hereby notified that the undersigned, as prosecuting attorney of the 18th Judicial District, will on this day present evidence to the Garland Circuit Court showing a violation of the permanent injunction heretofore granted against the place now occupied by you, and against yourself, showing that you have violated the liquor law of this State, and therefore are in contempt of said court. You are notified to be present and show cause, if any, why you should not be punished in accordance with the laws for such contempt. Wm. G. Bouic, Pros. Atty."

The return of the sheriff shows that the citation was served on the 13th day of August, 1926, by bringing Lillie Nichols before the circuit court of Garland County. On the same day the circuit court, in the case of the State of Arkansas v. Lillie Nichols, entered of record the following order or judgment: "On this day is presented to the court the citation of the prosecuting attorney of the 18th Judicial District, charging the defendant with

being guilty of contempt of court for having violated an injunction issued against the defendant heretofore on the 14th day of April, 1926, wherein the defendant was enjoined from the further engaging in the sales of intoxicating liquors on the premises where she resides, in Garland County, Arkansas; and comes the defendant in proper person and enters her denial to the facts alleged in said citation; thereupon the court proceeds to hear the testimony of witnesses on behalf of the State and defendant, and, after the conclusion thereof and due consideration of same, the court finds as follows: That heretofore, on the 14th day of April, 1926, the premises now occupied by the defendant was declared to be a nuisance, and the defendant was then perpetually enjoined from further engaging in the sales of intoxicating liquors, and that, since said order was issued, the defendant has violated said judgment of the court, and has been engaging in the sales of intoxicating liquors on said premises; and it is thereupon by the court considered, ordered and adjudged that the defendant is in contempt of court; and it is further by the court considered, ordered and adjudged that the punishment of the defendant be fixed at confinement for a period of six months in the county jail of Garland County, to which she is committed.''

At the outset, in the discussion of the principles of law involved, it may be stated that the circuit court had jurisdiction to grant the restraining order of April 14, 1926, referred to above, and to adjudge the defendant guilty of contempt for disobedience of the order.

Under § 6196 of Crawford & Moses' Digest, the carrying on or engaging in the illegal sale of intoxicating liquors in any building is declared to be a public nuisance, which may be abated.

Section 6197 confers jurisdiction upon the circuit court, upon the relation of the Attorney General or prosecuting attorney, to abate such nuisance.

Section 6201 provides that if, upon the trial of a case under the act, the existence of the nuisance be estab-

lished, the judgment of the court shall perpetually enjoin the defendant from conducting, continuing or maintaining such nuisance.

Section 6202 provides that, if any person shall violate any permanent injunction under the provisions of the act, he shall be subject to punishment for contempt, and upon conviction shall be imprisoned in the county jail for not less than thirty days nor more than six months, and may also be fined in any sum not exceeding $50.

In *Hickey* v. *State,* 123 Ark. 180, 184 S. W. 459, it was held that a defendant may be restrained from maintaining a public nuisance in violation of the provisions of the act. In *Adams* v. *State,* 153 Ark. 202, 240 S. W. 5, it was held that the circuit court had jurisdiction, under the act, to restrain a person from selling intoxicating liquors in his home, and that disobedience to the order subjected the guilty party to proceedings for contempt and punishment thereunder. It follows that the circuit court had jurisdiction of the subject-matter and the authority to make the particular order or judgment now complained of, upon obtaining jurisdiction of the person of the defendant.

It will be noted that, under the provisions of the statute above cited, proceedings for contempt, in cases of this sort, are criminal in their nature, and the prosecuting attorney is one of the officers who may conduct proceedings for the State under the act. The contempt complained of was not committed in the presence of the court, and, under the ancient rule of reason and natural justice, the offending party should be proceeded against upon the affidavit of some one with knowledge of the facts, or upon information of the prosecuting attorney who instituted the proceedings for the State in the first place. Where information is filed by the prosecuting attorney, his official oath is sufficient, and no further verification is necessary. *Poindexter* v. *State,* 109 Ark. 179, 159 S. W. 197.

Other cases holding that a formal presentation by a sworn prosecuting officer is a sufficient verification to

justify judicial action are the following: *Hurley* v. *Commonwealth,* 188 Mass. 443, 74 N. E. 677, 3 Am. Cas. 757; *Welch* v. *Barber,* 52 Conn. 147; *Ex parte Wright,* 65 Ind. 504; and *State* v. *Ackerson,* 25 N. J. L. 209.

But it is contended that no written information was filed by the prosecuting attorney upon which to base a citation for contempt. On July 8, 1926, an order was spread upon the records of the circuit court, in a case styled State of Arkansas *v.* Lillie Nichols, in which the circuit clerk was directed to issue a citation to the defendant commanding her to appear on July 12, 1926, to show cause why she should not be punished for contempt of court in failing and refusing to comply with the previous orders of the court.

This record recites that the citation is asked by the State of Arkansas upon the relation of the prosecuting attorney, and is directed to Mrs. Lillie Nichols, to show cause why she should not be punished for refusing to comply with the former order of the court restraining her from further engaging in sales of liquor or using her premises for the purpose of selling liquor or storing it.

The building occupied by the defendant is described as a dwelling-house and a store building, located on the Mount Ida-Hot Springs Highway, in Garland County, Arkansas.

Thus we see that the acts done, which are charged to constitute the contempt, are that Lillie Nichols violated a permanent order of the court restraining her from using her house in the illegal sale of intoxicating liquors. The acts constituting the contempt complained of were spread upon the record of the circuit court at the instance of and in the name of the prosecuting attorney, acting in his official capacity. The defendant was brought before the court and given an opportunity to defend herself. The spreading upon the record of the circuit court the acts charged to have constituted a violation of the order of injunction at the instance of and in the name of the prosecuting attorney, amounted substantially to the filing of an information by him. The appearance of the defend-

ant waived any irregularities in the issuance of the process. *Ex parte Ah Men,* 77 Cal. 198, 19 Pac. 380; *State* v. *Walker,* 78 Kan. 680, 97 Pac. 862; *Silvers* v. *Traverse,* (Iowa), 47 N. W. 888; *Jordan* v. *Wapello Co.,* 69 Iowa 177, 28 N. W. 548; and *Sona* v. *Aluminum Castings Co.,* 214 Fed. 936, and cases cited.

Testimony was heard, and the case was continued for further testimony. No definite date was set for the resumption of the hearing, and, if it be considered that the court lost jurisdiction of that particular proceeding upon that account, still jurisdiction was again obtained by what is called a notice of citation for contempt, filed on August 13, 1926, with the circuit clerk. This paper was signed by the prosecuting attorney, and is set out in our statement of facts.

In specific terms it notified the defendant that she had violated the provisions of the permanent injunction by offending against the liquor laws of the State. The defendant was actually taken before the circuit court and given an opportunity to defend herself.

Under these circumstances, if the facts are as represented, they show an irregularity merely in the obtaining of jurisdiction, and do not show such a want of jurisdiction as to warrant the discharge of the defendant. She was entitled to a reasonable time within which to prepare her defense, but the record does not show that she asked for further time. On the contrary, it affirmatively shows that she voluntarily entered her appearance and entered her denial of the facts alleged in the citation. This constituted a waiver of her right to further time within which to make her defense. *Poindexter* v. *State,* 109 Ark. 179, 159 S. W. 197.

As we have already seen, the court had jurisdiction to enjoin her from selling intoxicating liquors in her home in the first instance, and obedience to the injunction order was imperative upon her so long as it remained in force. Upon the complaint of the prosecuting attorney of a violation of the order of injunction by the defendant, she was brought into court, and entered her denial

of the facts alleged against her.   The record affirmatively shows these facts, and that the court found her guilty, upon evidence introduced, of a violation of the injunction.

Under this state of the record, the defendant must be deemed to have consented to the trial and to have waived her right to further time in which to have prepared her defense.  *People* v. *Court of Sessions,* 147 N. Y., 41 N. E. 700; *Ex parte Canavan,* 17 N. M. 290, 130 Pac. 248; *McCulloch* v. *State,* 174 Ind. 525, 92 N. E. 543; *In re McHugh,* 152 Mich. 505, 116 N. W. 459; *In re Odum,* 133 N. C. 250, 45 S. E. 569; and 13 C. J., p. 65, § 89.

It follows that the judgment of the circuit court was correct.   Therefore the writ of certiorari will be quashed, and the judgment of the circuit court will be affirmed.