SULLIVAN *v.* STATE.

Crim. 3936

Opinion delivered June 24, 1935.

*Floyd Terral,* for appellants.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

BAKER, J. On September 17, 1934, the prosecuting attorney filed a petition in the first division of the Pulaski Circuit Court alleging that a building known as the Old Heidelburg Inn, on the Conway Pike, operated by Ernest Sullivan as a roadhouse, was a nuisance in that intoxicating liquors were sold on the premises in violation of the law. The prayer was for the abatement of the nuisance by restraining the operators and closing the place. On the same day the court granted a temporary order restraining Ernest Sullivan from further continuance of such nuisance, and the sheriff was ordered to close the Old Heidelburg Inn. On September 24, the matter came on for final hearing. Mary Sullivan became a party to this proceeding. She was the owner of the property. The record does not disclose whether she made herself a party voluntarily or came in upon notice served, but Mary Sullivan and W. E. Sullivan were parties defendants in the proceeding. The record recites as follows: "Wherefore the court doth hear the testimony in behalf of the State and of the defendants," and found that at the time Mary Sullivan and W. E. Sullivan had been operating the property known as Old Heidelburg Inn on the Conway Pike; further that "Mary Sullivan and W. E. Sullivan had been engaged in the sale of intoxicating liquors at such place to such an extent as to constitute a public nuisance, and that the same should be abated." The temporary order was made permanent. The order in reference to W. E. Sullivan was in the following language: "That the said W. E. Sullivan be, and he is, hereby permanently enjoined from conducting, maintain-

ing, carrying on, and engaging in the sale and traffic of intoxicating liquors, either directly or indirectly, in violation of the laws of this State, at said location or anywhere else in Pulaski County.''

The order as to Mary Sullivan is as follows: ''That the owner of the said property, Mary Sullivan, is hereby permanently restrained from permitting any tenants of said property to engage in or be interested, either directly or indirectly, in the sale or traffic of intoxicating liquors.''

Thereafter on March 8, 1935, the prosecuting attorney filed a petition to cite Mary Sullivan and W. E. Sullivan to answer for contempt in the matter of the violation of the restraining orders issued against them. They were notified to appear on March 8, but the case was continued to March 16, for trial.

The petition praying for the citation alleged that at the building known as the Old Heidelburg Inn owned by Mary Sullivan and operated by Jack Mann, Amelia Mann Truby, Frank Truby and Ernest Sullivan, the said parties were engaged in the traffic in intoxicating liquors in violation of the injunction issued against defendants on September 24, 1934.

Upon trial the court found the defendants, W. E. Sullivan and Mary Sullivan, guilty of contempt and punished W. E. Sullivan by ordering his confinement in the Pulaski County jail for a period of thirty days. Mary Sullivan was punished by an order directing the sheriff to close and padlock the Old Heidelburg Inn for a period of twelve months, and enjoined Mary Sullivan or any one claiming under her from using the said premises for said period.

From these orders and judgments of the circuit court the record thereof has been brought here by certiorari to test the legality of the orders and judgments of the circuit court. W. E. Sullivan made a bond in the sum of $300 to stay the order of the circuit court until final judgment here.

Upon the trial several witnesses were examined, some of whom testified that they bought intoxicating liquors in said building on or about February 10. All the

witnesses examined saw these liquors on tables where customers were served. Deliveries of two purchases about which evidence was offered were made by negro waiters. Other testimony was to the effect that on or about the same date patrons at different tables had intoxicating liquors, that the bottles containing the same were on the tables where the customers were eating.

A search and examination brought about by the death of one Vincent Addy, who was thought to have been foully dealt with at or in the Old Heidelburg Inn, disclosed a small quantity of liquor hidden in the building. There were found about 150 to 200 empty whiskey bottles in a garbage heap or receptacle kept near the building together with two cartons in which liquor had been shipped or transported. Labels on bottles and brands on cartons were the same. Proof was offered showing that the business at that time was being conducted by W. E. Sullivan, Jack Mann, Amelia Mann Truby and Frank Truby; that W. E. Sullivan and wife, and Frank Truby and wife resided or lived in the building; that W. E. Sullivan, the Manns and the Trubys were partners in the operation of the business. There was no direct proof of any sale made by W. E. Sullivan, or of his actual interest in any sale.

It is urged on that account that he had not violated the permanent injunction issued against him. It is also urged that Mrs. Mary Sullivan, the owner of the building, had not been present since some time in January, when she had rented the property to Mann, Truby and others, and did not know of the illegal traffic. She urged that, at the time she had rented the building, she had exacted from the tenants a promise not to sell liquor therein.

It is argued, upon this showing, that the conviction upon the citation was not justified, and that they should be discharged from custody. It is also urged that the injunction against W. E. Sullivan to the effect that he was enjoined from the sale of liquor in the said building or elsewhere in Pulaski County is an injunction against a prospective violation of the law, and therefore cannot be maintained.

It should not require any extended discussion or argument to convince any one that the order and judgment of the circuit court was correct. It must be conceded that a proceeding of this kind is to abate a nuisance conducted at a particular place. If it be conceded that, to the extent that the court enjoined W. E. Sullivan from the sale of liquor "elsewhere in Pulaski County," the order was in excess of power, that in no particular impairs the validity of the restraint in so far as it related to Old Heidelburg Inn. It is not contended, as a matter of defense, that Old Heidelburg Inn as conducted at that time was anything more or less than a resort to which those so inclined might go, and according to the testimony engage in public carousals with congenial company whose entertainment and pleasure consisted in part, at least, in the consumption of intoxicating liquors.

It must be said that, if these liquors were not furnished directly by those who owned and operated the business, they furnished the means to make easier of access such quantities of liquors as might be desired. Waiters who served the tables said that empty bottles were gathered up from under the tables where customers had been served. It is not conceivable that this condition could have prevailed as the ordinary course, against the will and desire of those who conducted the business. No conclusions can be reached except that those interested in the business built its popularity of whatever kind it had by consent and connivance, if not by active participation therein.

The injunction issued on September 24, 1934, was wholly ineffectual. Mrs. Mary Sullivan, the owner of the building, appeared in court, and was present when the injunction was ordered. She and W. E. Sullivan were represented by counsel. It was within their power to compel obedience from those who operated the business, and to prevent unseemly and disorderly conduct. One witness even testified that, when he wanted some liquor, he went to a well-known bootlegger, made known his wishes, and the liquor was delivered to him by a waiter. Another witness gave to a waiter his order for liquor, and in a few minutes the liquor was served on his table

in the presence of others who saw the delivery. Mrs. Mary Sullivan urges the fact that she did not go about the place, but only exacted a promise from those whom she put in charge that they would not carry on the traffic. Her statement may be true, but she was not sufficiently concerned to make an inquiry in regard to the nature or kind of business conducted by those who paid her rents for the use and occupancy of the building.

She was the owner, expecting rents from the property, perhaps nothing more. Notice of the nuisance was brought home to her in the suit she had defended to prevent this injunction. It was then within her power to control the situation by ejection or expulsion of occupants who would not respect the orders of court. Those who expect protection from the law to their property, and who desire to exercise and enjoy their civil rights without let or hindrance from irresponsibles, should obey the law, lend assistance to the orders and mandates of courts.

Owners and operators of resorts and the habituees are not the only parties affected. The public generally has rights that must be protected. Taxpayers are interested in the matter of expense incurred for police supervision. The moral aspect of every community is always so affected to a degree by brothels and resorts that the State, to restore the customary moral status, is justified by necessity as well as law to take charge and compel obedience to the mandates of decency. Those who engage in vice and lawlessness, whether as active participants, either secretly or by device, may not expect unmerited mercy or favor because of the fact that they did not possess sufficient cunning to evade detection.

The evidence herein justifies the orders made. The law is act 109 of Acts 1915, approved March 6, 1915. See chap. 99, Crawford & Moses' Digest, § 6196 *et seq.*

According to the writer's view the case of *Hickey* v. *State,* 123 Ark. 180, 184 S. W. 459, is not so strong a case as the one under review. Not a sale was proved there. In that case the business was that of taking orders for a liquor house at Monette, Mo. This court upheld the trial

court in its order to abate a nuisance. *Nichols* v. *State,* 171 Ark. 987, 287 S. W. 190.

In the Nichols case cited above, the regularity of the proceedings was questioned as affecting the jurisdiction of the court. The particular point was that defendant did have the proper notice. She, Nichols, was present and went to trial. This was a waiver of notice.

W. E. Sullivan contends he had no notice of the order permanently restraining him from maintenance of the nuisance. This order was made September 24, 1934. He was present at that trial. The record he presents here so recites. No other notice was required, unless required by the court's order.

Section 5818, Crawford & Moses' Digest, expressly provides that it shall not be necessary to serve notice or order of injunction when notice of application therefor is given. He defended the injunction suit; therefore had notice of that proceeding. He defended here.

There was no error prejudicial to the rights of Mrs. Sullivan or W. E. Sullivan.

Petition denied.