## COUNTY OF WASHINGTON,

### AT THE

## AUGUST TERM, 1876.

PRESENT :

Hon. JAMES BARRETT,
Hon. HOMER E. ROYCE, } ASSISTANT JUDGES.
Hon. JONATHAN ROSS,
Hon. H. HENRY POWERS,

---

FIRST NATIONAL BANK OF MONTPELIER *v.* HUBBARD
AND OTHERS.

*Jurisdiction of State Courts of Suits Brought by National Banks.*

State courts have jurisdiction of suits brought by national banks, it not having been taken away by s. 57, No. 85, of Sts. U. S., 1863–4.

ASSUMPSIT upon a promissory note. At the September Term, 1875, the defendant Hubbard moved to dismiss the action, for that national banks could not maintain actions in the state courts, and that the United States courts alone had jurisdiction of such actions. The other defendants were defaulted. Motion overruled, and judgment for plaintiff. Exceptions by Hubbard.

1

*J. A. Wing,* for defendant, cited Sts. U. S. 1863–4, No. 85, s. 57; *The Bank of Bethel* v. *The Pohquioque Bank,* 14 Wall. 383; *Kennedy* v. *Gibson et al.* 8 Wall. 498.

*Gleason & Field,* for plaintiff.*

The opinion of the court was delivered by

Royce, J.   In the County Court the defendant Hubbard moved the court to dismiss the action on the ground that national banks cannot maintain actions in the state courts, and that the United States courts alone have jurisdiction of such actions.   The court overruled the motion, and the only question presented is as to the correctness of that ruling.

The plaintiff is a banking association, established under the act of Congress of 1864, entitled, "An act to provide a national currency secured by a pledge of United States bonds, and to provide for the circulation and redemption thereof."   The 8th section of that act declares, that every banking association formed and organized pursuant to its provisions, shall be a body corporate, with the usual powers of a corporation; may have a corporate name and seal; may make contracts, and sue and be sued, complain and defend, in any court of law and equity, as fully as natural persons.   In the absence of any restrictive legislation upon the subject, a corporation established under that act would have the right to maintain a suit in its corporate name in any state court of appropriate jurisdiction; for it is well settled, that civil cases arising under the Constitution and laws of the United States, may be tried and determined in the state courts, unless the national Constitution and laws have vested exclusive jurisdiction of them in the federal courts, but that Congress may prohibit the state courts from entertaining jurisdiction of such cases.   1 Kent Com. 396; *Bank of the United States* v. *Devereaux,* 5 Cranch, 85; *Osborn* v. *United States Bank,* 9 Wheat. 738; *Teale* v. *Felton,* 1 Comst. 537; *Ward* v. *Jenkins,* 10 Met. 591; *Pitt Cooke* v. *The State National Bank of Boston,* 52 N. Y. 96.

*The brief for plaintiff was not furnished to the Reporter.

It is claimed that exclusive jurisdiction of all suits instituted by any such corporation is given to the district and circuit courts by sec. 59 of the act of Feb. 25, 1863, and the 57th sec. of the act of 1864. Sec. 59 of the act of 1863 provided that all suits, actions, and proceedings *by* or *against* any association under the act, may be had in any circuit, district, or territorial court of the United States held within the district in which such association may be established. The 57th sec. of the act of 1864 provides that suits, actions, and proceedings *against* any such association may be had in the same courts, or in any state, county, or municipal court in the county or city in which said association is located, having jurisdiction in similar cases.

In *Kennedy* v. *Gibson et als.* 8 Wall. 498, which went by appeal from the circuit court to the Supreme Court of the United States, and was heard on demurrer to the petition, one question that arose was, whether, in view of the omission in the 57th sec. of the act of 1864 (literally read) of the word *by*, the bill could be sustained in the court where brought. In the opinion delivered by Justice SWAYNE, he says, "The 59th sec. of the act of Feb. 25, 1863, provides that all suits *by* or *against* such association may be brought in the proper courts of the United States. The 57th sec. of the act of 1864 relates to the same subject, and revives and enlarges the provisions of the 59th sec. of the preceding act. In the latter, the word *by*, in respect to such suits, is dropped. The omission was doubtless accidental. It is not to be supposed that Congress intended to exclude the association from suing in the courts where they can be sued. If this be not the proper construction, while there is provision for suits against the associations, there is none for suits *by* them in any court." This construction would give the plaintiff the right to sue in either of the courts designated in the 57th sec. of the act of 1864, not upon the ground that the right to sue in the state courts was given by the act of Congress, because it was held in *Houston* v. *Moore*, 5 Wheat. 1, that Congress cannot confer jurisdiction upon any courts but such as exist under the Constitution and laws of the United States, but upon the ground that state courts may exercise jurisdiction in cases authorized by the laws of the state, and

not prohibited by the exclusive jurisdiction of the federal courts. I think the proper construction to be put upon sec. 57 of the act of 1864 in regard to the power conferred of bringing actions in specified courts, is permissive and not mandatory.

There are no words of exclusion in the act ; and it is a general rule as to jurisdiction, that to confer it upon one court does not operate to oust other courts otherwise possessing it, for the reason that concurrent jurisdiction is not inconsistent. *Delafield* v. *State of Illinois*, 2 Hill, 160. At all events, the jurisdiction of state courts should not be taken away upon doubtful or ambiguous language.

Judgment affirmed.