CARR *v.* HAHN & CARTER.

Opinion delivered January 1, 1917.

1. MECHANICS' LIENS—CHANCERY JURISDICTION.—Chancery courts have concurrent jurisdiction with the circuit courts in the enforcement of the mechanics' lien laws of the State.

2. MECHANICS' LIENS—SERVICE ON DEFENDANT OUTSIDE COUNTY IN WHICH ACTION IS BROUGHT.—Under the statutes of this State personal service on the defendant, in an action to enforce a mechanic's lien, had anywhere in the State, is sufficient, if the suit is instituted in the county where the property is located.

Appeal from Lincoln Chancery Court; *John M. Elliott*, Chancellor; reversed.

*James A. Comer* and *Powell Clayton*, for appellant.

1.   A materialman's lien on a boat may be enforced in the chancery court of the county where the boat is situated, regardless of the residence of the owner.   30 Ark. 568; 56 *Id.* 544; 115 *Id.* 230

2.   The court had jurisdiction and erred in quashing the service in Pulaski county.   Personal service may be had anywhere in the State.   Kirby's Digest, §§ 4983, 6072, 4970, 4976, 4987. Liens of materialmen are creatures of statute and must be enforced according to the statutes.   119 Ark. 43; 114 *Id.* 1; 102 *Id.* 539; 115 *Id.* 230.

3.   Hahn entered his appearance.   59 Ark. 593; 77 *Id.* 412; 84 *Id.* 573; 109 *Id.* 77; 85 *Id.* 232.   He voluntarily submitted to the jurisdiction.

*John F. Clifford*, for appellee.

1.   The chancery court had no jurisdiction over defendant Hahn, a non-resident of Lincoln county, and who was summoned there.   No appearance was entered by Hahn; he only appeared specially and objected to the jurisdiction at every step.   The service in Pulaski county was properly quashed.   77 Ark. 416; 4 *Id.* 573; 9 Mich. 154; Kirby's Digest, §§ 4970, 4981, 4987; 30 Ark. 574; 56 *Id.* 544.   The venue is determined by §§ 6072-3, Kirby's Digest.

HUMPHREYS, J.   Appellant brought this suit in the Lincoln Chancery Court against appellees, seeking to enforce a materialman's lien for materials furnished in the construction of a certain boat in the possession of appellees in Lincoln county, at the time his suit was instituted.   One of the appellees waived service in Pulaski county.   The other appellee, E. J. Hahn, was served with process in Pulaski county.   Appellee, E. J. Hahn appeared specially and filed the following motion to quash service:   "Comes E. J. Hahn, by Jno. F. Clifford, his attorney, and appearing for this purpose only, moves the court to quash service of summons upon him, and as a reason therefor states that service upon both of the defendants has been had outside the confines of Lincoln county."

The complaint alleged that the materials were furnished and delivered on August 28, 1914, in pursuance of a contract made on the 30th day of March, 1914. This suit was instituted on the 28th day of October, 1914, and the summons was served on the 12th day of November, 1914.   Many other pleadings were filed and proceedings had in the case, but it is unnecessary to refer to them, as the facts already stated are sufficient upon which to decide the controlling issue in the case. The court quashed the service and dismissed the bill; appellant excepted and the cause is here on appeal.

(1)   The controlling issue in the case is whether the chancery court had jurisdiction and whether, having jurisdiction, personal service outside of Lincoln county, where the suit was instituted, was sufficient. Our court has held that the chancery courts of this State have concurrent jurisdiction with the circuit courts in the enforcement of our mechanics' lien law. *Murray* v. *Rapley*, 30 Ark. 568; *Kizer Lbr. Co.* v. *Mosely*, 56 Ark. 516; *Martin* v. *Blytheville Water Co.*, 115 Ark. 230.

(2)   It is provided in the mechanics' lien law, section 4987, Kirby's Digest, that a party instituting his suit to enforce such liens, where the defendant is out of the county, may obtain service by issuing and pub-

lishing a warning order as in proceedings under attachment. Section 6059, Kirby's Digest, provides that "The plaintiff may, at any time before judgment, have a summons served on the defendant, if found in this State, although a warning order may have been previously entered against him, and after such service the case shall proceed as in other cases of actual service. It is provided in section 4983, of Kirby's Digest, that the mechanic's lien law shall be enforced against the property in the county where the property is situated. This is clearly a proceeding *in rem.* When the statutes are all construed together, it is very clear that personal service on the defendant anywhere in the State is sufficient if the suit is instituted in the county where the property is located.

The learned chancellor quashed the service and dismissed this bill on the theory that personal service could not be had if all the defendants resided in another county than the county in which the suit was instituted. This was error and the decree quashing service and dismissing the bill is reversed and the cause remanded for further proceedings.