GANS *v.* STATE.

Opinion delivered February 18, 1918.

1. LIQUOR—ILLEGAL SALE—BONE DRY LAW—JURISDICTION OF MUNICIPAL COURT.—The municipal court has jurisdiction of causes arising under section 15, Act No. 13, Acts of 1917, known as the "Bone Dry Law."

2. LIQUOR—VIOLATION OF "BONE DRY LAW"—MISDEMEANOR.—A violation of the "bone dry" act is a misdemeanor.

3. JURISDICTION—CONCURRENT JURISDICTION—MUNICIPAL AND CIRCUIT COURTS—ILLEGAL SALE OF LIQUOR.—Jurisdiction when conferred upon one court does not operate to oust other courts, otherwise possessing it, of jurisdiction, for the reason that concurrent jurisdiction is not inconsistent.

Appeal from Pulaski Circuit Court, First Division; *J. W. Wade,* Judge; affirmed.

*Scipio A. Jones* and *Archie V. Jones,* for appellant; *W. M. Pemberton* and *Chas. Jacobson,* of counsel.

1. Under the act municipal courts have no jurisdiction. The act expressly confers jurisdiction upon the circuit court and this was intended to be exclusive and operated as a repeal of prior laws. Acts 1917; Act No. 13, the Bone-Dry Law; Const. Art. 7, § 40; Act 2, § 8; 6 Eng. 482; 16 Ark. 37; 102 *Id.* 205; 172 S. W. 272; 120 Ark. 406; 179 S. W. 813; 97 Pac. 991; 103 *Id.* 742; 66 S. E. 690; 142 N. W. 746; 74 Ky. 527; 36 Cyc. 1122, note 49; 175 S. W. 554.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. Municipal courts have jurisdiction. Acts 1915, No. 87, § 10, etc. There was no repeal by the Bone Dry Law. Repeals by implication are not favored. The conferring of jurisdiction on circuit courts does not deprive the municipal courts of jurisdiction. 123 Ark. 184; 8 *Id.* 9, 38; 28 *Id.* 19; Kirby's Digest, § 2083; Const. Art. 7, § § 28, 34, 40; 64 N. C. 598; 123 N. Y. 70; 127 Ind. 490; 22 Me. 146; 41 Miss. 566; 69 Minn. 499; 139 Ind. 280; 41 Ill. 326; 18 Fla. 809; 30 Cal. 573.

WOOD, J. Appellant was convicted in the municipal court of the city of Little Rock of a violation of Act 13 of the Acts of 1917, popularly designated as the "Bone Dry" law. He appealed to the circuit court and was again convicted and fined in the sum of $100.00, from which judgment he appeals.

The only question presented by this appeal is whether or not the municipal court has jurisdiction of causes arising under section 15 of the above act. Section 15 of the act is, in part, as follows: "The circuit court held in the county from which, through which, or to which such shipments are made, shall have jurisdiction for the trial of such violations of this act and the grand jury of such counties shall be vested with inquisitorial powers over violations of this act, and the circuit judges shall call attention to this act in charging the grand jury."

By the act creating municipal courts in the city of Little Rock (Act 87, Acts of 1915) upon such courts is conferred jurisdiction "concurrent with the circuit court over all misdemeanors committed in violation of the laws of the State within the limits of the county." (Sec. 10.)

Act 13 of the Acts of 1917, under which the appellant was convicted, does not expressly designate the offenses described and prohibited by that act as misdemeanors. But section 19 of the act provides that "any person * * * violating any of the provisions of this act * * * shall, upon conviction, be fined not less than one hundred dollars and not more than one thousand

dollars for each offense, and may be confined not less than thirty days nor more than ninety days in the county jail.''

Under our statute ''Public offenses are felonies and misdemeanors. A felony is an offense of which the punishment is death or confinement in the penitentiary. All other public offenses are misdemeanors.'' Kirby's Digest, Secs. 1547, 1548, 1549. A violation of the ''bone dry'' act is therefore a misdemeanor, and under the express terms of the act creating municipal courts in the city of Little Rock such courts are given ''concurrent jurisdiction with the circuit court over all misdemeanors.''

Counsel for appellant urge, however, that since Act 13 of the Acts of 1917 expressly conferred jurisdiction upon the circuit courts of cases arising under the act, that this was intended by the Legislature to be an exclusive jurisdiction and operated as a repeal of the prior law conferring jurisdiction upon municipal courts of offenses arising under act 13 of the Acts of 1917.

The act under which appellant was convicted, while conferring upon the circuit court jurisdiction, did not in express terms say that it was an exclusive jurisdiction. This the Legislature would have done if it had intended to make such jurisdiction exclusive. The two acts conferring jurisdiction are not repugnant to each other, and unless they were so it is our duty to so construe them as to allow them to stand together. Repeals by implication are not favored. *Martels* v. *Wyss,* 123 Ark. 184.

To make the statutes harmonize, the jurisdiction conferred by the act under review on the circuit courts should be held, in the absence of express language to denote a contrary intent, to be a concurrent jurisdiction with that of the prior act conferring upon municipal courts, in such cases, concurrent jurisdiction with the circuit court. Their jurisdiction, once conferred, should not be taken away without express language indicating that such was the intention of the Legislature. It is a general rule that jurisdiction when conferred upon one

court "does not operate to oust other courts otherwise possessing it for the reason that concurrent jurisdiction is not inconsistent." *First National Bank* v. *Hubbard,* 49 Vt. 1; *Browning* v. *Smith,* 139 Ind. 280, and other cases cited in the brief of the Attorney General.

It follows that the municipal court had jurisdiction, and the ruling of the circuit court so holding was correct, and its judgment is therefore affirmed.