ADAMS *v.* STATE.

Opinion delivered April 17, 1922.

1.  COURTS—JURISDICTION OF CIRCUIT COURTS.—The correct method of ascertaining what jurisdiction the circuit courts have in civil and criminal cases is to see what cases are exclusively confided to the jurisdiction of other tribunals; the residuum belonging either concurrently or exclusively to the circuit courts.

2.  COURTS—JURISDICTION OF CIRCUIT COURTS.—Crawford and Moses' Dig., §§ 6196, 6197, and 6201, conferring on the circuit court power to abate a liquor nuisance by injunction *held* valid.

Certiorari to Jefferson Circuit Court; *W. B. Sorrels,* Judge; affirmed.

*T. G. Parham,* for appellant.

Circuit courts have no jurisdiction in matters of equity, Const. art. 7, § 15, since the Legislature has seen

fit to establish chancery courts. This power is lodged in chancery courts. 18 Ark. 252. Injunction had its origin only after the establishment of courts of chancery. I Pom. Eq. Juris. §§ 170-171; 14 R. C. L. p. 319, sec. 18. Injunction does not lie where there is an adequate remedy at law. 98 Ark. 427.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *Wm. T. Hammock,* Assistants, for appellee.

Chancery courts are creatures of the Legislature. Since under the provisions of the Constitution the Legislature could create said courts and give them certain jurisdiction, it also had the right to divest them of a part of such jurisdiction, or to confer concurrent jurisdiction on circuit courts of certain matters.

The circuit court having authority to grant temporary injunctions, certainly it could punish for violation of an order so granted. 123 Ark. 180.

HART, J. The State of Arkansas, upon the relation of the prosecuting attorney for Jefferson County, charged S. B. Adams with maintaining a public nuisance in said county by selling intoxicating liquors in a storehouse occupied by him in Pine Bluff, Ark.

Upon the evidence introduced, the circuit court found that Adams was maintaining his house as a public nuisance as aforesaid, and he was enjoined from keeping or selling intoxicating liquors therein. Subsequently it was shown to the circuit court that Adams had violated the judgment of the court by continuing to keep and sell intoxicating liquors in his said house. Thereupon Adams was adjudged guilty of contempt, and to reverse that judgment he has duly prosecuted this appeal.

Appellant's sole ground for reversing the judgment is that the circuit court had no jurisdiction to enjoin him from selling intoxicating liquors in his storehouse in Pine Bluff, Arkansas, and that consequently he could not be guilty of contempt of court in disobeying said order. The judgment of the circuit court was based upon

our statute defining certain public nuisances and providing for the abatement thereof.

Sec. 6196 of Crawford & Moses' Digest provides in substance that engaging in the sale of intoxicating liquors in violation of the laws of the State in any building in the State is declared to be a public nuisance and may be abated under the provisions of the act.

Sec. 6197 confers concurrent jurisdiction upon the chancery and circuit courts of the State to abate such nuisance.

Section 6201 provides that if the existence of the nuisance be established an order of abatement shall be entered as a part of the judgment or decree of the court, and that the judgment or decree shall perpetually enjoin the defendant from maintaining such nuisance.

We have already had occasion to construe this statute in the cases of *Hickey* v. *State,* 123 Ark. 180, and *Marvel* v. *State,* 127 Ark. 595.

In the former case the proceedings to abate the nuisance were in the circuit court; and, although the case turned upon other issues, the jurisdiction of the circuit court was recognized.

In the latter case it was held that chancery courts at the time of the adoption of our present Constitution had jurisdiction to abate a public nuisance by injunction, and that the act in question did not confer upon the chancery courts of this State any additional jurisdiction.

The correct method of ascertaining what jurisdiction the circuit courts have in civil and criminal cases is to see what cases or class of cases are confided by the Constitution exclusively to the jurisdiction of other tribunals, and the great residuum belongs concurrently or exclusively to the circuit courts. *State* v. *Devers,* 34 Ark. 188, and *Whitesides* v. *Kershaw,* 44 Ark. 377, and *Payne* v. *Rittman,* 66 Ark. 201.

It will be noted that the case of *Marvel* v. *State,* 127 Ark. 595, does not hold that chancery courts have exclusive jurisdiction to abate public nuisances.

It follows from the authorities cited above that the circuit court would have concurrent jurisdiction to abate such public nuisance, and restraining the defendant from continuing to use his house for the illegal sale of intoxicating liquors would be the most effectual means to abate the nuisance.

There are many instances of the circuit and other courts having concurrent jurisdiction. For instance, our statute gives the circuit court jurisdiction in cases of partition, and the court has held that this remedy is cumulative only, and that the statute does not take away the original jurisdiction of chancery courts. *Moore* v. *Willey*, 77 Ark. 317.

Again it is held that chancery courts have concurrent jurisdiction with that given by statute to the circuit courts in the enforcement of the mechanics' lien laws of the State. *Carr* v. *Hahn*, 126 Ark. 609.

So too in *Gans* v. *State*, 132 Ark. 481, the court held that concurrent jurisdiction is not inconsistent; and therefore that jurisdiction conferred upon one court does not operate to oust other courts otherwise possessing it.

In *Eilenbecker* v. *Plymouth County*, 134 U. S. 31, it was held that the district court of a county in Iowa is empowered to restrain a person from selling intoxicating liquors in the county and that disobedience of the order subjects the guilty party to proceedings for contempt and punishment thereunder.

In discussing the question Mr. Justice MILLER, who delivered the opinion of the court, said: ''If the objection to the statute is that it authorizes a proceeding in the nature of a suit in equity to suppress the manufacture and sale of intoxicating liquors which are by law prohibited, and to abate the nuisance which the statute declares such acts to be, wherever carried on, we respond that, so far as at present advised, it appears to us that all the powers of a court, whether at common law or in chancery, may be called into operation by a legislative body for the purpose of suppressing this objectionable traffic; and we know of no hindrance in the Constitution

of the United States to the form of proceedings, or to the court in which this remedy shall be had. Certainly, it seems to us to be quite as wise to use the processes of the law and the powers of the court to prevent the evil, as to punish the offense as a crime after it has been committed.''

As we have already seen, the Legislature had the power to make a house where intoxicating liquors are kept and sold a public nuisance and to confer concurrent jurisdiction upon the circuit court to abate such public nuisance. The remedy by injunction would in many cases be the most effectual method of abating such public nuisance, and we are of the opinion that the Legislature might confer upon the circuit court the power to abate the nuisance by that method.

If the circuit court had the power to abate the nuisance by injunction in the first place, it is certain that it would have power to punish the appellant for contempt for a disobedience of its order.

Therefore the judgment will be affirmed.