MONTGOMERY *v.* STROUD.

5-257                                    265 S. W. 2d 723

Opinion delivered March 15, 1954.

*E. H. Tharp,* for appellant.

*D. Leonard Lingo* and *Harry L. Ponder,* for appellee.

GRIFFIN SMITH, Chief Justice.   Stroud and Watkins sought to enforce a lien for $332 representing the amount claimed to be due them by Montgomery for drilling a well, completed Nov. 11, 1950.   The notice was filed with the clerk of the circuit court February 5, 1951.   This was followed by a suit in equity to foreclose.

The defendant first demurred, then answered, but finally elected to stand on his demurrer.   Reliance is placed upon §§ 51-613, 614, and 615, Ark. Stat's.   Specifically it is contended that jurisdiction to foreclose the lien is confined to circuit court.

The language of § 51-615 is that all liens created by virtue of the Act of 1895 [§ 17], Ark. Stat's, § 51-615, shall be enforced in the circuit court of the county wherein the property on which the lien is attached is situated.

Wording of the Act lends substance to appellant's contentions, but our decisions are in harmony with Rockel on Mechanics' Liens, § 198, where it is said the Act usually provided by statute is not regarded as an exclusive remedy. Mr. Justice Hart, in *Martin* v. *Blytheville Water Co.,* 115 Ark. 230, 170 S. W. 1019, wrote the court's opinion approving the statement that legislation of this nature is merely cumulative, "and the debtor may pursue whatever other remedy he may have to secure payment." Judge Hart's opinion was written in 1914, nearly twenty years after the Act of 1895 went into effect, and it cited *Murray* v. *Rapley,* 30 Ark. 568, and *Kizer Lumber Co.* v. *Mosely,* 56 Ark. 544, 20 S. W. 409.[1]

The decision in *Carr* v. *Hahn & Carter,* 126 Ark. 609, 191 S. W. 232, goes directly to the point and is unaffected by collateral considerations. "The controlling issue", said Mr. Justice Humphreys, "is whether the chancery court had jurisdiction and whether, having jurisdiction, personal service outside of Lincoln County, where the suit was instituted, was sufficient. Our court has held that the chancery courts of this state have concurrent jurisdiction in the enforcement of our mechanics' lien law".

An illustration of concurrent jurisdiction where by statute circuit court alone is named is to be found in Judge Hart's opinion (*Adams* v. *State,* 153 Ark. 202, 240 S. W. 5). It was there said that "there are many instances of the circuit court and other courts having concurrent jurisdiction. [An example is] that chancery courts have concurrent jurisdiction with that given by statute to the circuit courts in the enforcement of the mechanics' lien laws of the state".

The precise question was expressly decided in *Sims* v. *Hammons,* 152 Ark. 616, 239 S. W. 19, where it was said that equity has jurisdiction under its general powers to enforce liens. Attention was called to the annotated section relied upon by appellant. There is this state-

---

[1] In the Blytheville Water Co. case equity had acquired jurisdiction through appointment of a receiver, but Judge HART'S opinion made no distinction on that account.

ment: ". . . We have frequently held that [mechanics'] liens are enforceable in equity, notwithstanding the remedy given at law".

Affirmed.