THE STATE OF ARKANSAS *v.* BOWERS.

4770                                        266 S. W. 2d 824

Opinion delivered April 12, 1954.

*Thos. J. Gentry,* Attorney General, and *John R. Thompson,* Chief Assistant Attorney General, for appellant.

*S. M. Bone,* for appellee.

WARD, J. This appeal challenges the jurisdiction of a municipal court to try a misdemeanor committed under the laws regulating Motor Carriers. It is the contention of appellant that municipal courts have concurrent jurisdiction with the circuit courts, and it is the contention of appellee that circuit courts have exclusive jurisdiction.

Appellee, W. D. Bowers, was convicted and fined $500 in the Municipal Court of Searcy, Arkansas, for violating §§ 8 and 11 of Act 367 of 1941, being respectively Ark. Stats., §§ 73-1709 and 73-1712. Penalty for violation of the Act is fixed by § 22 of said Act 367, being Ark. Stats., § 73-1723. It was charged that appellee, on May 8, 1953, "did unlawfully and wrongfully haul manufactured feed which is a finished product upon the highways of the State of Arkansas, and more specifically in White County, Arkansas, without having a permit from the Arkansas Public Service Commission to haul as a common carrier."

Appellee filed a motion in the Municipal Court to dismiss the charge against him on the ground that said court did not have jurisdiction, and said motion was overruled. An appeal was taken to the Circuit Court of White County, again the same motion to dismiss was made by appellee, and the motion was sustained by the trial judge, and the charge against appellee was dismissed. The State of Arkansas prosecutes this appeal for a determination of the question of jurisdiction as above stated.

No question of fact is involved and the only question for us to decide is the question of law.

The basis upon which appellee rests his argument to sustain the trial court is the last sentence in said § 22 of said Act 367 (Ark. Stats., § 73-1723) which reads as follows:

"(h) The several Circuit Courts of this State shall have jurisdiction of prosecutions arising from alleged violations of this act."

To sustain his position appellee quotes from 50 Am. Jur., §§ 244, 246, 357, 358, 429; *Continental Casualty Co.* v. *U. S.*, 314 U. S. 527, 86 L. Ed. 426, 62 S. Ct. 393; and headnotes from *Ledbetter* v. *Hall*, 191 Ark. 791, 87 S. W. 2d 996, and *LaFargue* v. *Waggoner*, 189 Ark. 757, 75 S. W. 2d 235. The general tenor of the cited authorities is to the effect that in construing statutes the courts will give efficient operation and effect to all parts so as to render no word or phrase useless or meaningless, and that the courts should arrive at the real intent of the lawmakers. From one authority appellee quotes: "Generally speaking a legislative affirmative description implies denial of the non-descriptive or non-described powers." From this line of reasoning appellee concludes that the latter portion of § 22 of Act 367 as quoted above would be rendered useless and non-operative if it is interpreted as appellant contends it should be interpreted. In other words, as contended by appellee, it was a vain thing for the Legislature to enact the sentence mentioned above unless we interpret it to mean that the Circuit

Courts have exclusive jurisdiction. Appellee also would distinguish the case under consideration from the cases which we will later refer to on the ground that the Arkansas Motor Vehicle Act deals with civil matters and not primarily with criminal matters.

We are unable to agree with appellee's contentions, and in our opinion the court erred in sustaining appellee's motion to dismiss.

*First.* We think there was a special reason for the Legislature to enact Subsection (h) of § 22 of Act 367 to the effect that "the several Circuit Courts of this State shall have jurisdiction of prosecutions . . ." In Subsection (b) of the same section it is provided that the Chancery Court of Pulaski County shall have statewide jurisdiction in certain matters. In view of this provision it can be reasonably assumed that the Legislature enacted Subsection (h) to make clear that *all* the circuit courts of the state would have jurisdiction. The use of the word *several* in Subsection (h) supports this view, otherwise the word *several* would be surplusage.

*Second.* It will of course be conceded that, aside from any consideration of the language in said Subsection (h), the law places jurisdiction to try misdemeanor cases in Justice of the Peace Courts, Municipal Courts, and Circuit Courts. Since there is nothing in said Act 367 (or amendments thereto) expressly abrogating the jurisdiction of Municipal Courts, such abrogation, if it exists, must be by implication. But, as stated in *Martels v. Wyss,* 123 Ark. 184, 184 S. W. 845, and *Gans v. State,* 132 Ark. 481, 201 S. W. 823, statutory repeal by implication is not favored. In the *Martels* case, at page 187 of the Arkansas Reports, the court said:

"Repeals by implication are not favored, and when two statutes covering the whole or any part of the same subject-matter are not absolutely irreconcilable, effect should be given, if possible to both. It is only where two statutes relating to the same subject are so repugnant to each other that both cannot be enforced, that the last one

enacted will supersede the former and repeal it by implication.''

*Third.* This court has previously considered substantially the same question presented here and has resolved it against the contention of appellee.

In the *Gans* case, *supra,* appellant was fined $100 in the Municipal Court of Little Rock for a violation of Act 13 of 1917, known as the ''Bone Dry'' law. The sole question presented to this court was [as stated by the court] ''whether or not the municipal court has jurisdiction of causes arising, under § 15 of the above act.'' Said § 15, in all parts material here, reads: ''The circuit court held in the county from .which, through which, or to which such shipments are made, shall have jurisdiction for the trial of such violations of this act . . .'' It was there urged, as here, that by conferring jurisdiction on circuit courts the Legislature intended to confer exclusive jurisdiction to the exclusion of municipal courts. In rejecting this contention, we said:

''The act under which appellant was convicted, while conferring upon the circuit court jurisdiction, did not in express terms say that it was an exclusive jurisdiction. This the Legislature would have done if it had intended to make such jurisdiction exclusive. The two acts conferring jurisdiction are not repugnant to each other, and unless they were so it is our duty to so construe them as to allow them to stand together. Repeals by implication are not favored.''

The issue in the *Gans* case was substantially the same as the one considered, with the same results, in *McCracken* v. *State,* 146 Ark. 300, 227 S. W. 8 (on rehearing). In approving the holding in the *Gans* case, the court stated the question and its conclusion, at page 309 of the Arkansas Reports, this way:

''It is also urged that the justice of the peace had no jurisdiction of the offense charged in the information. Counsel rely on the language of the statute which provides that when any person obstructs a public road 'he

shall be guilty of a misdemeanor and liable to indictment in the circuit court of the proper county,' etc. That part of the statute which reads that the person 'is liable to indictment in the circuit' was not intended to confer exclusive jurisdiction on that court, for the other language of the statute in express terms declares the offense to be a misdemeanor.''

Subsection (h), § 22 of Act 367 of 1941, conferring jurisdiction on circuit courts is not repugnant to existing jurisdiction in municipal courts. As stated in *Adams* v. *State*, 153 Ark. 202 (at page 205), 240 S. W. 5: ''There are many instances of the circuit court and other courts having concurrent jurisdiction''; and ''. . . jurisdiction conferred upon one court does not operate to oust other courts otherwise possessing it.''

*Fourth.* Any possible doubt that the Legislature, by the enactment of said Subsection (h), meant to leave undisturbed the jurisdiction of inferior courts over misdemeanors, seems to have been resolved against appellee's contention by the Legislature itself by the passage of Act 368 of 1953, which Act amends said Act 367 in certain particulars. In Subsection (j), § 7 of Act 368, the jurisdiction of justice of the peace courts is specifically recognized. The language there used clearly indicates a recognition of existing jurisdiction and cannot reasonably be interpreted as conferring jurisdiction where none existed. With some exceptions not material here the law confers the same jurisdiction in misdemeanor cases on justice of the peace courts and municipal courts.

In view of what has been said the judgment of the trial court must be and it is accordingly reversed.