### HESTER v. BOURLAND.

· Opinion delivered July 23, 1906.

1. EQUITY JURISDICTION—PRIMARY ELECTION CONTESTS.—As by the terms of Const. 1874, art. 7, § § 1, 15, the Legislature is vested with power to create courts of chancery and to vest the chancery courts with jurisdiction "in matters of equity," but· is without power to divest or enlarge their jurisdiction when created, the act of May 24, 1905 (Acts 1905, c. 328), vesting the chancery court with power to hear and determine contested elections for nominations, is unconstitutional. (Page 147.)

2. ELECTION CONTESTS—CONSTRUCTION OF CONSTITUTIONAL PROVISION.— Const. 1874, art. 19, § 24, providing that "the General Assembly shall provide by law the mode of contesting elections in cases not specifically provided for in this Constitution," refers to elections for office, and not to elections for party nominations. (Page 150.)

Original petition for mandamus; denied.

*Jo Johnson* and *Murphy, Coleman & Lewis,* for petitioner.

1. The Constitution says: "The General Assembly shall provide by law the mode of contesting elections in cases not specifically provided for· in this 'Constitution." Sec. 24, art. 19, Const. Under this provision, the Legislature is invested with the power and discretion to confer authority on the chancellor at chambers or the chancery court to try contests of this nature. 72 Ga. 812; 43 Pa. 384; 73 Ga. 377; 52 Tex. 335; 62 Tex. 555. A proceeding to contest an ·election is not a suit at law. 125 Ill. 141. Election contests belong to ·'the political power of the State, and the courts will not interfere, in the absence of provisions therefor in the Constitution and laws; but where a mode is provided, that mode must be· followed. 78 261; 161 Ill. 319. As a rule, where a method has been provided by law for contesting elections, it must be followed to the exclusion of all others. 28 Ark. 129; 29 Ark. 173; 44 Pa. St. 332; 27 S. W. 809. See also 15 Ohio St. 114; 17 *Ib.* 271; 14 *Ib.* 315; 28 Pt. St. 9. It is a special proceeding, and the court exercising the jurisdiction does not proceed according to the course of common law, but must resort to the statute alone to ascertain its powers and mode of procedure. 24 Cal. 149; 78 Ill. 261; 94 Ill. 208; 11 Nev. 382; 1 Metc. (Ky.), 533.

2. Primary election laws are recognized and upheld as being valid, and the Legislature may recognize the existence of political parties and, within reasonable limits, regulate the means by which partisans shall be protected in exercising individual preferences for party candidates. 15 Cyc. 332, and notes; 87 Minn. 308; 66 Pac. 714. And the acts of officers appointed to carry into effect the primary election laws are subject to review by the courts. 72 S. W. 1092; 166 N. Y. 335; 16 N. Y. Supp. 147.

3. In determining the validity of a legislative enactment, it is not necessary to find a constitutional warrant therefor; all that is required is that there be no express or implied prohibition. Every act of the Legislature is presumed to be constitutional; and before it can be pronounced otherwise that clause of the Constitution with which it conflicts must be clearly designated. 25 Ark. 251.

4. The circuit court is the only court upon which the Constitution does not in terms confer exclusive jurisdiction; hence it is held that to ascertain the civil and criminal jurisdiction of that court it is necessary to find what cases or class of cases are conferred exclusively by the Constitution upon other tribunals, the residuum belonging exclusively or concurrently to the circuit court. 34 Ark. 188. Since the framers of the Constitution expressly refrained from fixing the exact limits of the circuit court's jurisdiction, it follows that they did not intend to deprive the Legislature of all discretion in the matter of enlarging or contracting its jurisdiction or otherwise regulating it. *Ib.* 139 N. Y. 337; 34 N. E. 777. The granting of jurisdiction upon one court, unless exclusive, does not prevent the Legislature from conferring like jurisdiction on other courts. 86 N. C. 125; 52 Ohio St. 1; 38 N. E. 314; 58 Pa. 226; 71 Tenn. 597; 4 Tex. 96; 91 Wis. 204; 62 N. J. Eq. 601; 58 N. Y. 298.

*Read & McDonough* and *Brizzolara & Fitzhugh,* for appellee.

1. The only power that the Legislature has to create courts or to give them jurisdiction is found in sec. 1, art. 7, Const. Under it the Legislature was given power to establish courts of chancery, when deemed expedient, but left it no power to confer any jurisdiction upon them. The jurisdiction conferred by sec. 6, art. 6, Const. 1836, which is the same as sec. 15, art. 7, Const.

1874, "means such jurisdiction as a court of chancery could properly exercise at the time the Constitution was adopted; and the Legislature can not limit or abridge the jurisdiction thus conferred." 6 Ark. 318. See also 5 Ark. 303; 56 Ark. 391. A court of chancery has no original jurisdiction to try contested election cases, and the limits of proceedings in equity have not embraced a remedy for political wrongs. 99 N. W. 684; 129 Fed. 783; 124 U. S. 200; 37 N. E. 683. If primary elections should be held to be such elections as were contemplated by the Constitution, then the act is in conflict with the Constitution. Const. sec. 4, art. 6; sec. 11, art. 5; sec. 24, art. 19; sec. 52, art. 7. For construction of two sections last named, see 51 Ark. 570.

2. The Legislature has no power to confer upon the chancellor at chambers the right to hear and determine election contests. Judgments and decrees are functions of the courts legally constituted, and a judge in vacation or at chambers has no authority to render a final judgment. 39 Ark. 85; Works on Jur. Courts, § § 58, 59; 48 Cal. 70.

3. The act is an unwarranted invasion of the fundamental political rights of the citizens of the State, and for that reason is void, even if not expressly forbidden by the Constitution. Sec. 2, art. 3; 101 N. W. 60; 2 Brice, Am. Com. 75, 76; Ib. 85; McCrary on Elec. § § 59, 57; 24 Ark. 161; 46 Ark. 325; 27 Pa. St. 44; 52 Pac. 661; Cooley on Const. Lim. 708; 89 S. W. 880.

BATTLE, J. On the 28th day of March, 1906, a Democratic primary election for the nomination of candidates for various offices was held in the county of Sebastian, in this State. N. E. Hester was a candidate at that election for the nomination as candidate of the Democratic party for the office of county clerk of that county. According to the returns of the election, he was defeated by his opponent, T. N. Reed, who was afterwards declared the nominee of the Democratic party of Sebastian County for county clerk. On the 23d day of June, 1906, Hester filed a complaint in equity before J. V. Bourland, chancellor of the Sebastian Chancery Court, and thereby sought to contest the election of Reed upon various grounds of fraud and irregularity. The chancellor refused to hear the contest; and Hester filed in this court a petition for mandamus to compel him to do so.

The proceedings before the chancellor were based upon an

act of the General Assembly of this State, entitled "An Act to Provide for Contests in Primary Elections," which is as follows:

"Sec. 1. That any defeated candidate at any legalized primary election in this State may contest such an election before the chancellor at chambers, or the chancery court of the chancery district in which such an election took place, by giving the contestee five days' notice in writing, which notice shall be served as other process is served, and by filing a complaint in equity setting forth the grounds of such contest in the county where such contest originated. Said contest shall be heard by such chancellor at chambers or the chancery court, if it be in session in the county where the contest originated, upon depositions, affidavits, or oral testimony.

"Sec. 2. The chancellor at chambers or the chancery court shall have the power to have the ballots, ballot boxes, poll books, and tally sheets used at such an election brought before him and investigated and the ballots recounted, and do all other acts and things necessary to arrive at the true result of such an election.

"Sec. 3. The chancellor at chambers or the chancery court shall hear and determine such contest speedily and without delay, to the end that the name of the successful candidate may be certified as required by law and printed on the ballots to be voted at the ensuing election." Acts 1905, c. 328, p. 782.

The intention of this act is to vest the chancery court with the jurisdiction to hear and determine contested elections for nominations, with power to the chancellor to hear the same in the vacation of court. The respondent holds the act to be unconstitutional.

The Constitution provides: "The judicial power of the State shall be vested in one Supreme Court; in circuit courts; in county and probate courts; and in justices of the peace. The General Assembly may also vest such jurisdiction as may be deemed necessary in municipal corporation courts, courts of common pleas, where established; and, when deemed expedient, may establish separate courts of chancery." Art. 7, § 1.

It vests the Supreme Court with appellate jurisdiction and with power to issue writs of *quo warranto* to the circuit judges and chancellors, "and the officers of political corporations when the question involved is the legal existence of such corporation."

The county court has jurisdiction in "all matters relating to county taxes, roads, bridges, ferries, paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties."

Probate courts have jurisdiction "in matters relative to the probate of wills, the estates of deceased persons, executors, administrators, guardians, and persons of unsound mind and their estates."

Justices of the peace are vested with jurisdiction, exclusive of the circuit court, "in all matters of contract where the amount in controversy does not exceed the sum of one hundred dollars, excluding interest, and concurrent jurisdiction in matters of contract where the amount in controversy does not exceed the sum of three hundred dollars, excluding interest; and concurrent jurisdiction in suits for the recovery of personal property, where the value of the property does not exceed the sum of three hundred dollars, and in all matters of damage to personal property where the amount in controversy does not exceed the sum of one hundred dollars;" and such jurisdiction of misdemeanors as may be prescribed by law, and to sit as examining courts and commit, discharge or recognize offenders to the courts having jurisdiction for further trial, and to bind persons to keep the peace or for good behavior; and they are made conservators of the peace in their respective counties.

The General Assembly may invest corporation courts, for towns and cities, with jurisdiction concurrent with justices of the peace in civil and criminal matters, and may invest such of them as it may deem expedient with jurisdiction of any criminal offenses not punishable by death or imprisonment in the penitentiary.

The General Assembly may authorize the judge of the county court of any county to hold a court of common pleas, with such jurisdiction in matters of contract and other civil matters, not involving title to real estate, as may be vested in such court.

The circuit court is vested with jurisdiction in all civil and criminal cases the exclusive jurisdiction of which may not be vested in some other court provided for by the Constitution; and,

until the General Assembly shall deem it expedient to establish courts of chancery, shall have jurisdiction in matters of equity, subject to appeal to the Supreme Court; and with appellate jurisdiction over courts inferior to it.  Const. 1874, art. 7, § 15.

The Constitution divides and parcels the judicial power of the State among the courts named.  The General Assembly is authorized to create only three classes of courts, corporate, common pleas and chancery courts, and the jurisdiction with which they may be vested is specified.  It can vest chancery courts only with jurisdiction in matters of equity.  All other jurisdiction is vested in other courts.  The Legislature is without power to divest or change it.  Any law passed for that purpose would be unconstitutional and void.

Election contests for nominations are not matters of equity, and have never been so considered; and the act of the Legislature to vest chancery courts with jurisdiction as to them is unconstitutional and void.

After providing for the contest of elections for Governor, Secretary of State, Treasurer, Auditor and Attorney General, the Constitution provides: "The General Assembly shall provide by law the mode of contesting elections in cases not specially provided for in this Constitution." Art. 19, § 24.  But this has reference only to elections for office, and not for nominations. The only elections of persons mentioned in the Constitution are elections for office.

The petition is denied.