MARVEL v. STATE EX REL. MORROW.

Opinion delivered March 5, 1917.

NUISANCES—ABATEMENT—JURISDICTION OF CHANCERY COURT—ILLEGAL SALE OF LIQUOR.—Act 109, Acts of 1915, making the business of selling intoxicating liquors illegal in any building, structure or place within this State a public niusance, and enjoining upon the chancery and circuit courts of the State the duty of abating them, *held* valid.

Appeal from Johnson Chancery Court; *Jordan Sellers,* Chancellor; affirmed.

*Covington, Reynolds & Reynolds,* for appellant.

1.   The demurrer should have been sustained. The petition does not allege that the nuisance affected any public property or public civil rights, or that criminal process was inadequate to afford relief, or that there was no adequate remedy at law.   81 Ark. 117; High on Injunctions, 23; 37 S. W. 478; 34 L. R. A. 95; 45 S. W. 506.   Where the remedy at law is complete or criminal process adequate, equity will not grant relief.   26 Ark. 649; 27 *Id.* 157; 48 *Id.* 331; 81 *Id.* 117.

2.   The act is void.   The Legislature had no authority to confer jurisdiction upon chancery courts to abate a public nuisance as defined by the act. 80 Ark. 145; 6 *Id.* 318; 56 *Id.* 391; 80 *Id.* 145.   Prior to the passage of the act this court has repeatedly held that chancery courts had no jurisdiction.   81 Ark. 117; 98 *Id.* 437; 80 *Id.* 145; 87 *Id.* 213; High on Inj. (4 ed.), § 20; 56 Fed. 654; 99 Ark. 636; 81 *Id.* 125; 102 Ill. App. 449; 81 Ark. 117; 85 *Id.* 230 ;98 *Id.* 437, 521.

3.   The case should be reversed upon the facts, as against the preponderance of the evidence.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

The action of the chancery court is undoubtedly fully authorized by Act 109, Acts 1915, p. 408.   The only question, then, is the act constitutional or void?   99 Ark. 633; 80 *Id.* 145, etc.

SMITH, J.   By the decree of the chancery court of Johnson County, appellant was enjoined from selling intoxicating liquors illegally in a building owned by him in the town of Hartman, in said county.   The suit was brought in the name of the State, on the relation of the prosecuting attorney.   A demurrer to the petition was filed and overruled. It is now said this demurrer should have been sustained because the petition did not allege that the nuisance affected any public property or public civil rights; nor that the criminal processes were inadequate to afford relief; nor that there was no adequate remedy at law.   The petition did not

contain these allegations, and such allegations are not required under the statute under which this proceeding was had. The court below made an order directing the abatement of the business conducted by appellant upon the ground that it was a public nuisance under Act No. 109, Acts 1915, page 408, and the appeal taken from that order questions the constitutionality of that act.

Sections 1 and 2 of this act read as follows:

"Section 1. That the conducting, maintaining, carrying on or engaging in the sale of intoxicating liquors in violation of the laws of this State, in any building, structure or place within this State, and all means, appliances, fixtures, appurtenances, materials and supplies used for the purpose of conducting, maintaining, or carrying on such unlawful business, or occupation, are hereby declared to be public nuisances, and may be abated under the provisions of this act.

"Section 2. That jurisdiction is hereby conferred upon the chancery and circuit courts of this State to abate the public nuisances defined in the first section of this act, upon petition in the name of the State, upon relation of the Attorney General, or any prosecuting attorney of the State, or without the concurrence of any such officers, upon the relation of five or more citizens and freeholders of the county wherein such nuisances may exist, in the manner herein provided."

Other sections of the act make effective the sections quoted.

It is insisted upon the authority of *Hester* v. *Bourland,* 80 Ark. 145, and *United States Express Co.* v. *State,* 99 Ark. 633, that the act in question is unconstitutional.

In the case of *Hester* v. *Bourland, supra,* it was held that the Legislature could vest chancery courts only with jurisdiction in matters of equity, and that all other jurisdiction is vested in other courts, and that the Legislature is without power to divest or change this jurisdiction, and that any law passed for that purpose would be unconstitutional and void. And it was also there held that election contests for nominations are not matters of equity, and

have never been so considered, and the act of the Legislature vesting chancery courts with jurisdiction as to them is unconstitutional and void.

Other cases to the same effect are: *Gladish* v. *Lovewell*, 95 Ark. 619; *German National Bank* v. *Moore*, 116 Ark. 490; *Walls* v. *Brundidge*, 109 Ark. 250; *Hempstead* v. *Watkins*, 6 Ark. 317.

This court has had frequent occasion .to consider the jurisdiction of courts of equity to abate nuisances, and in these cases familiar principles have been announced as controlling the action of the court in the decision of those cases.   These cases have held that a court of equity will not lend its aid, by injunction, for the enforcement of right or the prevention of wrong in the abstract, disconnected with any injury or damage to the person seeking the relief, and that the petition for an injunction should generally show some primary equity in aid of which the injunction is asked.. The court has also had before it suits to abate public nuisances, and our case of *State* v. *Vaughan*, 81 Ark. 117, has become one of the leading cases on this subject.   In this case, upon a review. of the authorities, it was held that a suit would not lie at the.instance of the State to restrain a public nuisance unless the nuisance sought to be abated was one touching civil property rights or privileges of the public or affecting the public health.

The case of *Lyric Theater* v. *State*, 98 Ark. 437, reaffirmed the doctrine of the *Vaughan case, supra.*

At the time of the enactment of the Act of 1915, *supra,* the laws of this State, as announced in the decisions cited, may be summarized as follows:   The jurisdiction of chancery courts was fixed by the Constitution of 1874, beyond the power of the Legislature to enlarge or diminish.   Courts of chancery were not authorized to restrain acts constituting a public nuisance unless the acts constituting the nuisance affected the civil or property rights or privileges of the public, or the public health.

The act in question made the business of selling intoxicating liquors illegally in any building, structure or place within this State a public nuisance and enjoined upon the

chancery and circuit courts of the State the duty of abating them. Is the act void?

We think this act is not open to the objection which was made and sustained to the act involved in the case of *Hester v. Bourland, supra.* That was an act to provide for the contesting of primary elections. The court there pointed out that election contests for nominations are not matters of chancery jurisdiction, and had never been so considered, and it was, therefore, held that the act of the Legislature which attempted to vest chancery courts with jurisdiction as to them was unconstitutional and void.

The subject-matter of this legislation—the abatement of nuisances—however, has always been within the jurisdiction of courts of chancery. In 2 Story's Equity Jurisprudence (13 ed.), section 921, it is said:

"In regard to public nuisances the jurisdiction of courts of equity seems to be of very ancient date and has been distinctly traced back to the reign of Queen Elizabeth."

These courts have imposed various conditions upon the exercise of this jurisdiction, but have always asserted the existence of the jurisdiction.

The act in question has not conferred upon the chancery courts of this State any additional jurisdiction. It has merely prescribed a new condition upon which this ancient jurisdiction may be exercised. The act is remedial in its nature and, while the Legislature can not enlarge or restrict the jurisdiction of chancery courts, it is entirely within the province of the Legislature to prescribe the procedure for the exercise of this jurisdiction and to prescribe new conditions under which that jurisdiction may be exercised. The Legislature has not conferred the jurisdiction upon the chancery court to abate public nuisances. This jurisdiction they have always had.

The jurisdiction of all the courts is fixed by the Constitution as appears from the above-cited cases. But this jurisdiction may be applied to new conditions if the Legislature so elects. For instance, the jurisdiction of justices of the peace in matters of damage to personal property is limited by the Constitution to suits for damages not exceeding $100.

The Legislature might create a cause of action for damages to personal property which did not exist at the time of the adoption of the Constitution of 1874. If this was done, a suit to compensate these damages in a sum not to exceed $100 could be brought in the court of a justice of the peace. This would not be an enlargement of the jurisdiction of a justice of the peace. It would be a mere creation of a new condition upon which that jurisdiction would operate. We are of the opinion that this is what the Legislature did here.

It follows therefore that the demurrer was properly overruled and the decree so ordering is affirmed.

HART, J., dissenting. I dissent from the judgment in this case because I think the principles of law announced are in conflict with the established law of this State. The opinion of the majority in my opinion in effect overrules several of our prior decisions.

The act under consideration makes the business of selling intoxicating liquors in violation of the laws of this State in any building a public nuisance and this part of the act is but declaratory of the law as it already existed. The authorities are in conflict as to whether or not a chancery court has jurisdiction to abate a nuisance by injunction where no civil or property rights are involved. We need not review these authorities for our court has held that injunction is not the proper remedy.

In the case of *State* v. *Vaughan*, 81 Ark. 117, the court said: "It is demonstrably true that it is a sound principle of equity jurisprudence that an injunction will not lie at the instance of the State to restrain a public nuisance where the nuisance is one arising from the illegal, immoral or pernicious acts of men which for the time being make the property devoted to such use a nuisance, where such nuisance is indictable and punishable under the criminal law. On the other hand, if the public nuisance is one touching civil property rights or privileges of the public, or the public health is affected by physical nuisance, or if any other ground of equity jurisdiction exists calling for an injunction, a chancery court will enjoin, notwithstanding the act enjoined may

also be crime. The criminality of the act will neither give nor oust jurisdiction in chancery."

The holding of the court in that case has also been approved in several later decisions which are cited in the majority opinion.

In the case of State v. Ehrlick, 64 S. E. 935, 23 L. R. A. (N. S.) 691, the Supreme Court of West Virginia, in an able and exhaustive opinion in which many of the authorities on both sides of the question are reviewed, held that equity had no jurisdiction to abate a public nuisance by injunction at the instance of the State where no property or personal rights are involved.

In some of the States it has been held that the Legislature may confer upon the chancery courts jurisdiction to abate by injunction public nuisances where no property or civil rights are involved, but under the construction given to our Constitution the Legislature can neither enlarge nor diminish the jurisdiction of chancery courts. Hester v. Bourland, 80 Ark. 145; Gladish v. Lovewell, 95 Ark. 618; Walls v. Brundidge, 109 Ark. 250.

Under our Constitution, the jurisdiction of equity, like that of law, is of a permanent and fixed character and courts of equity have only such jurisdiction as they could properly exercise at the time of the adoption of the Constitution. As we have already seen, they did not have the power to abate, by injunction, public nuisances where no property or civil rights are involved.

The opinion of the majority attempts to distinguish these decisions from the present one by saying that equity has always had jurisdiction over public nuisances and that the statute in question is only a statute regulating the practice in chancery courts. It occurs to me that this is reasoning in a circle. As we have already seen, this court has repeatedly held that chancery courts have no jurisdiction to abate public nuisances where no property or personal rights are involved. So it will be readily seen that the statute grants an additional power to the chancery court which it could not exercise before the statute in question was passed.

Such has been the interpretation by the American courts including the Supreme Court of the United States.

In *Mugler* v. *Kansas,* 123 U. S. 623, the statute involved expressly conferred jurisdiction upon chancery courts to prevent the use of real estate in the manufacture of intoxicating liquors.  It declared all places where intoxicating liquors were manufactured or sold in violation of the act to be public nuisances and authorized a suit in the name of the State to abate them by injunction.  This was recognized to be a jurisdiction created by statute.

So, too, in *State* v. *Ehrlick, supra,* it was recognized that the Legislature of that State within the constitutional limits of its powers might grant to courts of equity the power to abate a public nuisance where no property or civil rights are involved.

This statute conferred upon circuit courts the same jurisdiction that is given to chancery courts; and has been construed in the case of *Hickey* v. *State,* 123 Ark. 180.  We did not there construe it as a statute regulating the practice in circuit courts, but expressly stated that under the act, the circuit court was given the power to abate the nuisance by injunction.

All the cases that I have read which uphold the power of chancery courts to abate public nuisances by injunction where no civil or property rights are involved proceed on the theory either that equity has always had jurisdiction to abate all public nuisances regardless of the fact of whether or not civil or property rights are involved; or that the Legislature has the power to confer such jurisdiction upon chancery courts.

As we have already pointed out, this court has held that chancery courts have no power to abate public nuisances by injunction except where property or civil rights are involved and has also held that the Legislature has no power to enlarge or diminish the jurisdiction of chancery courts.  I think that the statute in question confers upon the chancery court a jurisdiction which it did not possess before the statute was enacted.

The views I express make the statute void as it confers jurisdiction upon the chancery courts, but it by no means follows that the whole statute should fail. It is evident that the statute is divisible, and that it would have been passed even if the jurisdiction in the premises had not been conferred upon the chancery court. This is apparent from the fact that jurisdiction to abate the nuisance in question was conferred upon the circuit courts and the jurisdiction of the circuit court to abate nuisances under this act by injunction was upheld in the case of *Hickey* v. *State*, 123 Ark. 180. The reason is that all jurisdiction was parceled out and distributed by the Constitution, and the jurisdiction not expressly granted to some other court, or authorized to be granted, is reserved to the circuit courts.

I am authorized by Mr. Justice Wood to state that he concurs in this dissenting opinion.