FOLEY v. STATE.

4162 139 S. W. 2d 673

Opinion delivered May 6, 1940.

■■■■■■

*J. Everette Johnson, John F. Gautney* and *Denver L. Dudley,* for appellant.

*Jack Holt,* Attorney General and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

McHANEY, J. Appellee brought this action against appellant and another as owners and operators of the Oak Grove Night Club to abate said club as a public nuisance. It was alleged that appellant and another were operating a dance hall, lunch stand and beer parlor, in or about which public disturbances, unlawful drinking of liquor, quarrels, affrays and general breaches of the peace were frequent, and that said business so carried on was a public nuisance.

It developed that appellant is the sole owner of the business and the cause as to the other defendant was dismissed. Appellant answered with a general denial and alleged that since he had owned said property it had been properly conducted and to close same would amount to confiscation of his property without due process of law in violation of his constitutional rights. Trial resulted in a finding that the place is a public nuisance, and that the temporary order theretofore granted closing same as such should be made permanent. Judgment was entered accordingly.

Appellant contends that act 118 of 1937, under which this proceeding is brought, is unconstitutional, first, because jurisdiction is therein conferred on the circuit and chancery courts to enforce the act, whereas chancery courts alone have such power. We cannot agree. In *Hickey* v. *State,* 123 Ark. 180, 184 S. W. 459, this court sustained act 109 of 1915, which conferred jurisdiction upon the circuit and chancery courts to abate nuisances as defined in said act. That was an appeal from an action in the circuit court. In the later case of *Marvel* v. *State, ex rel. Morrow,* 127 Ark. 595, 193 S. W. 259, 5 A. L. R. 1458, said act was again held valid and that the chancery courts had jurisdiction to abate the nuisance defined by said act. By act 118 of 1937, § 10910, Pope's Digest, a public nuisance is further defined in § 2 as: ''The operation of a dance hall in which, or around which, pub-

lic disturbances, the unlawful drinking of intoxicating liquors, quarrels, affrays, or general breaches of the peace are frequent," and may be abated as provided in said act. We think the same reasoning which held act 109 of 1915 valid must conclude appellant on the validity of the statute here involved. A dance hall is not a nuisance *per se,* and the statute does not undertake to make it such.

It is also argued that a clause in § 6 of said act 118 is violative of art. 2, § 10, of the Constitution of Arkansas, because it permits the introduction of "evidence of the general reputation of the building or place where the nuisance is alleged to exist . . . for the purpose of proving or tending to prove the existence of such nuisance." We cannot agree that such is the result. The same provision was in the act under consideration in *Marvel* v. *State, supra,* where the act was sustained by a divided court, but the division was based upon another ground. See *Digiacomo* v. *State,* 194 Ark. 24, 105 S. W. 2d 78.

It is finally insisted that the evidence is insufficient to support the finding and judgment of the court. We have carefully read all the testimony as abstracted and find it abundantly sufficient. There was testimony that drunks were seen around the place on several occasions, also evidence of fighting, some evidence of gambling, and a lot of evidence of the bad reputation of the club.

No error appearing, the judgment is affirmed.