CLICK v. STATE.

4335                                     176 S. W. 2d 920

Opinion delivered January 17, 1944.

*C. E. Johnson* and *Head & Shaver*, for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

HOLT, J.   July 7, 1943, the prosecuting attorney for Little River county, on behalf of the state, filed petition in the Little River circuit court, in which he alleged: "That Fletcher Click owns and operates a liquor store at Winthrop, Arkansas; that liquor and beer are sold at this place of business; that the Little River county circuit court grand jury for the July, 1943, term thereof has made a careful investigation relative to law violations at this place of business and with a further effort to determine whether same constitutes a public nuisance. This body has recommended, after examining many witnesses upon the subject, that proceedings be instituted to permanently abate and padlock the Fletcher Click liquor store; that public disturbances, the unlawful drinking

of intoxicating liquor and beer, quarrels, affrays, fights and general breaches of the peace are frequent and are of common occurrences at, within, around and about this liquor store; that such place of business is detrimental to the public morals, to the common decency of the citizenship of that respective community and to the county as a whole; that such place is a breeder of crime and demoralizer of youth; and that same should be abated under the provisions of § 10918 of Pope's Digest of the statutes of Arkansas as a public nuisance; that intoxicating whiskey and beer are sold, handled and drunk at this place of business in violation of and with no regard for the laws of this state; that beer is sold, opened and drunk in, at, around and about this liquor store in violation of the state laws which prohibit the drinking of beer in a liquor store or in public places; that liquor and beer is sold to minor boys in violation of the Arkansas state laws; that people are permitted to gather in and about this place of business and carry on disturbances and breaches of the peace, fight and use loud, abusive, vulgar and obscene language so as to disturb the rest, peace and quiet of that community and the churches thereof.''

The prayer of his petition was that a temporary restraining order ''enjoining and restraining the further continuance of such nuisance, and closing of the building,'' until such time that a trial may be had, ''and that after such hearing that the said Fletcher Click liquor store be permanently abated and padlocked.''

On July 8th, the petition was presented to the circuit court, a temporary restraining order was issued, and appellant's place of business closed, pending a final hearing.

At the July, 1943, term of the Little River circuit court, two indictments were returned against appellant, one alleging that he and Dayton Evans, an employee, unlawfully sold intoxicating liquors to a minor, and the other indictment charged appellant and J. P. Smith, (another employee) with selling liquor to a minor. J. P. Smith entered a plea of guilty. By agreement, the indictments against appellant and Evans, his employee, and

appellee's petition for injunction and closing appellant's place of business were consolidated for trial, and were tried before the court, sitting as a jury. After a somewhat extended hearing, at which many witnesses testified for both parties, the court found that appellant and Evans were not guilty as charged in the indictments, but found and entered an order that appellant's liquor store should be permanently padlocked and closed as a public nuisance. This appeal followed.

Appellant first contends that the circuit court was without jurisdiction. We cannot agree. Appellee has proceeded here, under the provisions of § 10918 of Pope's Digest, to abate appellant's place of business on the grounds that it has become a public nuisance. Section 10919 specifically confers jurisdiction "upon the chancery and circuit courts of this state to abate the public nuisances defined in § 10918, upon petition in the name of the state, upon relation of the attorney general, or any prosecuting attorney of the state, . . ." Section 10918, *supra*, is § 1 of Act 109 of the Acts of 1915, as amended by Act 331 of 1937, and § 10919 is § 2 of said Act 109. This court, in *Foley* v. *State*, 200 Ark. 521, 139 S. W. 2d 673, upheld the jurisdiction of the circuit court to abate nuisances as defined in Act 109.

Appellant next contends that the evidence was not sufficient to support the findings and judgment of the court. We think, however, that the testimony as disclosed by this record, was amply sufficient, and in reaching this conclusion we agree with appellant's contention, set out in his reply brief, that in determining the sufficiency of the evidence, we are required by the statute to follow the procedure of courts of chancery. (Sections 10914 and 10922 of Pope's Digest.)

If, therefore, the preponderance of the testimony supports the court's finding, it will be our duty to affirm.

We do not attempt to detail the testimony. It could serve no useful purpose to do so. It suffices to say, however, that after reading the evidence presented, we find that the preponderance thereof shows that appellant was engaged in the unlawful sale of beer and liquor, which

were drunk in and around his place of business; that breaches of the peace, drunkenness, the use of loud and profane language, carousing, quarrels, fights and disturbance of church worship, have occurred in and around appellant's liquor store and place of business. There was also evidence that the general reputation of appellant's place of business was bad, and we think the preponderance amply supports the court's finding "That the defendant, Fletcher Click, owns and operates a liquor store in the town of Winthrop, Arkansas, in Little River county; that a young and irresponsible clerk has been placed and left in charge of said place of business, who was addicted to the excessive use of intoxicating liquors, and who indulged in the excessive use thereof while on duty in said place of business in violation of the laws of this state; that another employee of defendant has sold liquor to a minor in said place of business in violation of the laws of this state; that much loud and vulgar language, carousing and drinking of intoxicating liquors and quarrels, fights and general breaches of the peace have occurred in and around said liquor store; that beer has been sold, opened and drunk in said place of business and beer sold and opened in said store has been drunk on the streets of the town of Winthrop, Arkansas, and the township in which said town is located are wholly without police protection, there being no police officer residing either in said town or township; that the operation of said liquor store in the manner aforesaid constitutes a public nuisance and should be abated."

We think also to be without merit appellant's contention that appellee should have followed other methods outlined under the Arkansas Alcoholic Control Act, Act 108 of 1935, now § 14094, *et seq.,* Pope's Digest, wherein there is provision for securing the revocation of appellant's liquor license by appropriate procedure before the Commissioner of Revenue of this state, or by taking proper steps to call an election within the township wherein Winthrop is located and appellant's liquor store operated and by vote declare the area dry, and thereby effectively close appellant's liquor store. While either of these methods might have been followed, they were

not the only avenues open. The method pursued was certainly open to appellee under the law.

While appellant was not convicted of the unlawful sale of intoxicating liquors to a minor, it does not follow that his place of business did not become a nuisance for other unlawful practices and conduct, as disclosed by the evidence.

Finding no error, the judgment is affirmed.