STATE, EX REL. ATTORNEY GENERAL *v.* WILLIAMS.

5-271                                                    264 S. W. 2d 417

Opinion delivered January 25, 1954.

Rehearing denied March 1, 1954.

*Tom Gentry,* Attorney General and *Thorp Thomas,* Assistant Attorney General, for appellant.

*William C. Daviss, Virgil R. Moncrief* and *John W. Moncrief,* for appellee.

GRIFFIN SMITH, C. J. The action resulting in this appeal was to abate a public nuisance. Ark. Stat's, Title 34, §§ 34-101 - 34-106.

The prosecuting attorney for the Seventeenth Judicial Circuit alleged that Bert Williams was the owner of a building immediately south of the City of Stuttgart, known as Log Cabin Inn, where public dancing was conducted and beer was sold.

The place was leased to Ray Dunnigan and was operated by him in such a manner as to constitute a public nuisance. The circuit judge, presumptively under authority of § 34-106, issued a temporary order restraining Williams and Dunnigan, their agents, employees, families, and lessees, from operating the dance hall and beer parlor "at any time until otherwise ordered or elsewise directed by the court." The defendants were directed to appear January 2d and show cause why the temporary order should not be made permanent.

Apparently no hearing was had until July 21, 1953. At that time the court ordered the building closed for a year from December 22, 1952, for all purposes, . . . "except it may be occupied as a residence or as a store, or as a service station, or [used for] any other legitimate business, [but] no beer, wine, liquor, or any intoxicant may be sold at this place, and . . . no public dancing shall be permitted."

The state has appealed, insisting that it was entitled to an order perpetually abating a public nuisance. *Futrell* v. *State,* 207 Ark. 452, 181 S. W. 2d 680.

Appellee Williams says in his brief that Dunnigan had agreed to vacate and close the building at the urgency of Williams before the December order was made, "and was no longer interested in the controversy."

An objection by appellee is that there was no motion for a new trial, hence errors relied upon were not brought to the trial court's attention. Section 34-102 confers jurisdiction upon chancery and circuit courts, and 34-105 applies chancery rules of procedure; and this is true whether the action is before a chancellor or a circuit judge. It follows that motion for a new trial was not required.

The judgment recites essential facts showing that those against whom the original proceedings were prosecuted either maintained the nuisance or permitted it to exist. It is true that a perpetual padlock order does not issue except as punishment for contempt, but the offending individuals may be enjoined from engaging in the activities found by the trial court to constitute a nuisance. So here such persons will be perpetually prohibited from using the property or permitting it to be used for the sale of beer, wine, liquor, or any intoxicants; nor may it be used for public dancing. This requires a modification of the judgment to include the word "perpetual". In respect of residential use and such occupancy as the trial court mentioned, the judgment is affirmed.