LAWSON *v.* STATE.

5-903                                         288 S. W. 2d 585

Opinion delivered April 2, 1956.

*Ovid T. Switzer* and *W. P. Switzer,* for appellant.

*Tom Gentry,* Attorney General and *Thorp Thomas,* Asst. Atty. General, for appellee.

GEORGE ROSE SMITH, J.    This is a civil action brought by the prosecuting attorney to have the appellant's place of business declared to be a public nuisance. Ark. Stats. 1947, §§ 34-111 *et seq.* The trial court found the place to be a nuisance and entered an order directing that it be closed and that Lawson and all other persons be enjoined "from operating the said place for any purposes whatsoever for a period of one year from this date."

The establishment in question, known as Sam Lawson's Cafe, is situated on a highway west of Cróssett. It is shown that Lawson keeps a music machine and permits couples to dance, which brings the cafe within the

statutory definition of a dance hall. Ark. Stats., § 34-111. The State's evidence shows that the establishment is noisy, that it is frequented by intoxicated persons although the county is dry, that empty whiskey bottles accumulate outside the building, that Lawson has been convicted for the possession of liquor for sale in his home nearby, that male patrons have been guilty of indecent exposure on the public road, that one girl was shot in the cafe, that fights have occurred there, and that it is the kind of place that breeds law violations. The defense testimony tends to show that Lawson has attempted in good faith to conduct an orderly place of business, that he is unable to control the actions of his patrons as strictly as he would like to, and that the cafe is no more objectionable than similar establishments in the vicinity. Upon reviewing the proof we do not find the circuit court's conclusions to be contrary to the preponderance of the evidence, which is the test to be applied in this proceeding. *Alston* v. *State,* 216 Ark. 604, 226 S. W. 2d 988.

In one respect, however, the court's order is too broad. The statute contemplates that the initial order shall merely abate the nuisance. Ark. Stats., § 34-117. The more severe course of closing the establishment for a year is authorized only in a contempt proceeding for a violation of the initial injunctive order. Ark. Stats., § 34-118; *Futrell* v. *State,* 207 Ark. 452, 181 S. W. 2d 680; *State ex rel. Atty. Gen.* v. *Williams,* 222 Ark. 966, 264 S. W. 2d 417. The order will therefore be modified, in accordance with the *Williams* case, to enjoin Lawson from using the property or permitting it to be used for dancing or for the sale of intoxicants for a period of one year from the date of the trial court's order. The Attorney General concedes that the order should be modified but asks that the limited injunction be made perpetual, citing the *Williams* case. Here, however, the State did not appeal and therefore is not entitled to affirmative relief going beyond the scope of the circuit court's judgment.

Affirmed. as modified.