SIESTA CAFE *v.* STATE.

5-2069                                    333 S. W. 2d 722

Opinion delivered April 4, 1960.

*C. Floyd Huff, Jr.,* for appellant.

*Bruce Bennett,* Atty. General, By: *Clyde Calliotte,* Asst. Atty. General, for appellee.

JIM JOHNSON, Associate Justice. This is a civil action brought by the Prosecuting Attorney to have the appellant's place of business declared to be a public nuisance. Ark. Stats. (1947) § 34-101 *et seq.* The trial court found the place to be a nuisance and entered an order directing that it be closed until further orders of that court and that appellant be restrained and enjoined from such further operation of said place or the maintenance of the nuisances found to exist; and such judgment is challenged by this appeal.

The establishment in question, known as the "Siesta Cafe", is situated on the Arkadelphia Highway approximately six miles from Hot Springs in a thickly populated area near Lake Hamilton, and consists of a beer tavern, dance hall, motel comprised of 3 or 4 cabins, and adjoining living quarters occupied by appellant and her husband. It is shown that disturbances of the peace occurred in said place, that gambling was carried on, that frequent illegal sales of intoxicating liquor were made, that illegal sales of beer to minors were made, and that patrons were solicited by female employees or habitues who proposed to engage in prostitution. The place was closed under a temporary order on the 10th day of March 1959. No further action was taken upon the matter until the 8th day of June 1959 when appellant filed a petition requesting a hearing and praying that the court set aside its order padlocking the establishment; and that appellant be allowed to reopen and conduct her business in a lawful and peaceful manner. Insofar as the record shows, no action was had upon this petition. The establishment remained padlocked in the meantime. On the 2nd day of September, appellant, through other counsel, filed an additional motion requesting a hearing be held on the petition filed on June 8th. Hearing was had on September 9th and at the conclusion thereof the court entered an order making the temporary injunction permanent, and further denied to appellant the right to use the property for any purpose and ordered that the premises be kept under padlock for an indefinite period of time. From such order comes this appeal.

Appellant urges that the trial court erred: (1) in stating that the appellant had the burden of introducing evidence in order to overcome the previous temporary injunction; and (2) in allowing the introduction into evidence of the criminal record of the husband of the appellant.

As to the first point, when the appellant refused to go forward with any proof, the State thereupon proceeded to introduce an abundance of testimony disclos-

ing the illegal acts set out above, so the statement of the court did not harm the appellant. Section 34-102 confers jurisdiction of this case upon Chancery and Circuit Courts and Section 34-105 applies **Chancery rules of** procedure; and this is true whether the action is before the Chancellor or Circuit Judge. It follows, therefore, that since the court did hear the evidence under Chancery rules, and since the State did offer ample proof to support the order of the court, whatever error the court might have made as to the burden of proof was harmless. *Alston v. State,* 216 Ark. 604, 226 S. W. 2d 988.

As to the admissibility of the criminal record of the husband of the appellant: the Circuit Judge admitted this record because appellant's husband, D. C. Peterson, had joined with his wife in the Motion for Hearing, and because there was evidence that he also assisted in the operation of the cafe and exercised other acts of ownership. See: Section 34-119. Even assuming it was inadmissible in the form and manner indicated in this record, there was an abundance of other substantial testimony presented on behalf of the State to sustain the findings of the court, and this being treated as a chancery case we will exclude such testimony found to be incompetent. There remains an abundance of evidence to sustain the trial court's finding as to the acts of nuisance. *Walsh v. Fairhead, Executrix,* 215 Ark. 218, 219 S. W. 2d 941 (1949).

The third point urged by appellant is that the court erred in its final order by denying appellant the right to operate her cafe premises in a legitimate and lawful manner and by further ordering that her place of business be kept padlocked for an indefinite period of time. After a careful review of the record, we conclude that the court's order is too broad. The statute contemplates that the initial order shall merely abate the nuisance. Ark. Stats. § 34-117. The more severe course of closing the establishment for a year is authorized only in a contempt proceedings for a violation of the final injunctive order. Ark. Stats. § 34-118; *Futrell v. State,* 207

Ark. 452, 181 S. W. 2d 680; *State ex rel Attorney General* v. *Williams,* 222 Ark. 966, 264 S. W. 2d 417; *Lawson* v. *State,* 226 Ark. 170, 288 S. W. 2d 585. Therefore, the order will be modified in accordance with the *Williams* case to enjoin appellants from using the property or permitting it to be used as a public nuisance.

Affirmed as modified.