B. & M. Land Co. *v.* State.

5-2255                                                    340 S. W. 2d 395

Opinion delivered November 28, 1960.

*J. H. Spears* and *Burch, Porter, Johnson & Brown,* Memphis, Tenn., for appellant.

*Bruce Bennett,* Atty. General, by *John T. Haskins,* Asst. Atty. General, for appellee.

George Rose Smith, J.    This is a civil action brought by the prosecuting attorney to close the appellants' place of business, known as Danny's Club.  Ark. Stats. 1947, §§ 34-111 *et seq.*  This appeal is from a final judgment perpetually enjoining the appellants from operating a dance hall or road house upon the property but permitting it to be used for any other lawful business.  The appellants contend that they should be permitted to operate a public dance hall, with proper safeguards to prevent its becoming a nuisance.

The prosecuting attorney's complaint charged that Danny's Club was being conducted in violation of the law, that intoxicants had been unlawfully consumed upon the premises by minors and others, and that affrays and

general breaches of the peace had been frequent. Upon the filing of the complaint the court issued a temporary order closing the place until a hearing on the merits. The appellants then filed a petition asking that the temporary injunction be modified to permit them to open and maintain a public dance hall in a lawful manner, with no intoxicating liquors being sold, consumed, or brought upon the premises.

At the final hearing the State introduced no testimony, as the defendants admitted that the State could, if necessary, produce witnesses to prove the allegations we have summarized. The principal appellants, Robert and Dan Trabish, described the manner in which they plan to operate their business if permitted to reopen. They intend to remove the tables from what has been a road house and to conduct the place solely as a public dance hall, featuring nationally known bands. Neither minors nor intoxicants would be permitted upon the premises, and the proprietors would co-operate with law enforcement officers in every way. The Trabishes testified without contradiction that their investment in the property is about $79,000 and that the building is not suitable for any use except that for which it was designed.

The case is not free from difficulty, but we have concluded that the order should be modified to permit the appellants to operate a public dance hall, with the safeguards described in their petition and testimony. In a proceeding of this kind we review the evidence as in a chancery case. *Alston* v. *State,* 216 Ark. 604, 226 S. W. 2d 988. In some cases we have approved orders perpetually enjoining the operation of a dance hall upon the property involved. *Foley* v. *State,* 200 Ark. 521, 139 S. W. 2d 673; *State* v. *Williams,* 222 Ark. 966, 264 S. W. 2d 417. On the other hand, in *Portman* v. *State,* 204 Ark. 349, 162 S. W. 2d 67, we sustained an order that prohibited gambling and the sale of intoxicants but permitted public dancing to continue. Each case must be determined upon its particular facts. We do not know, nor did the trial court know, how objectionable the operation of Danny's Club

has been in the past, as the State was not required to offer any proof. In view of all the circumstances we think the appellants should be given an opportunity to conduct their business in a lawful manner. If this attempt on their part should fail the State has a prompt and effective remedy through the institution of contempt proceedings. Ark. Stats., § 34-118; *Lawson* v. *State,* 226 Ark. 170, 288 S. W. 2d 585.

Modified and remanded for the entry of an order consistent with this opinion.