VANDERGRIFF *v.* STATE.

5-3663 396 S. W. 2d 818

Opinion delivered December 13, 1965.

*Harry C. Robinson, James L. Sloan,* for appellant.

*Bruce Bennett,* Attorney General, By: *Richard B. Adkisson,* Chief Asst. Atty. Gen., and *Fletcher Jackson,* Asst. Atty. General, for appellee.

FRANK HOLT, Associate Justice. Appellant brings this appeal from a civil proceeding in circuit court in which he was held in contempt and his premises permanently padlocked pursuant to the provisions of Ark. Stat. Ann. § 34-101 et seq (Repl. 1962).

The appellee, by the prosecuting attorney, filed a verified petition against the appellant on March 2, 1964 in the First Division of Pulaski Circuit Court alleging that appellant was operating an establishment at 110 Main Street, Little Rock, Arkansas where gaming was being carried on and praying for a temporary and permanent injunction to abate the alleged nuisance. On that day the court granted the temporary order. Upon a hearing before the court on March 27, 1964 the court found that the establishment, consisting of three floors

occupied by the appellant, was being operated in violation of Ark. Stat. Ann. § 34-101 in that gaming was being carried on, and that its operation constituted a public nuisance requiring abatement. The court permanently enjoined appellant from operating the establishment contrary to law, removed the temporary padlock, and authorized him to operate any lawful business. See Ark. Stat. Ann. § 34-106-7; *Futrell* v. *State,* 207 Ark. 452, 181 S. W. 2d 680; *B & M Land Co.* v. *State,* 232 Ark. 815, 340 S. W. 2d 395.

On January 12, 1965 the prosecuting attorney again filed a verified petition against appellant in the same court, reciting the foregoing facts and alleging that appellant had violated the order of the court by operating his establishment as a public nuisance in that gaming existed in violation of the law. On that day the court granted the appellee's petition for a temporary injunction and ordered appellant to appear on January 21, 1965 to show cause why he should not be adjudged in contempt for violation of the court's order rendered in March, 1964. On the date scheduled the court conducted a hearing and found appellant had operated his establishment contrary to the provisions of Ark. Stat. Ann. § 34-101, that such operation constituted a public nuisance, and that appellant had violated the court's permanent injunction. The court then ordered that appellant's premises be padlocked for one year, held appellant in contempt, sentenced him to sixty days in jail and fined him $50.00. See Ark. Stat. Ann. § 34-107. From that judgment there is this appeal.

Appellant first contends: "The First Division Circuit Court was devoid of jurisdiction, so the conviction of contempt was and is a nullity." We find no merit in this contention. Ark. Stat. Ann. § 34-102 expressly confers concurrent jurisdiction upon the chancery and circuit courts of this state to abate public nuisances such as alleged in the case at bar. Further, the proceedings, whether in a chancery or circuit court, must be conducted in accordance with chancery court procedure. Ark. Stat. Ann. § 34-105; *Siesta Cafe* v. *State,* 231 Ark. 1004,

333 S. W. 2d 722; *Lawson* v. *State,* 226 Ark. 170, 288 S. W. 2d 585. The procedings in this type of action, therefore, are civil in nature.

The appellant argues that since this is a civil proceeding, the First Division Circuit Court of Pulaski County is without jurisdiction and cites to us Act 3 of 1961 [First Extraordinary Session (Ark. Stat. Ann. §§ 22-326.4—22-326.6)]. This Act relates, *inter alia,* to the assignment of cases in the Pulaski Circuit Courts. Section 3 of the Act [Ark. Stat. Ann. § 22-326.6 (Repl. 1962)] specifically provides that:"* * * It shall not be reversible error that any civil case is tried in a division to which it has not been specially assigned, provided, that all criminal cases shall be tried in the first division." Thus, this statute requires criminal cases to be tried in the first division, but does not restrict the first division from also trying other cases. Also, see *Blackstad Mercantile Co.* v. *Bond,* 104 Ark. 45, 148 S. W. 262.

Appellant next contends: "The statute under which the State proceeded is unconstitutional on its face and as applied" since a temporary injunction was granted in each instance without notice. The statute only requires notice with reference to a permanent injunction. We have recognized that this statute [Act 109 of 1915, Ark. Stat. Ann. § 34-101 et seq], which provides for the abatement of public nuisances by injunction, is constitutional. *Hickey* v. *State,* 123 Ark. 180, 184 S. W. 459; *Marvel* v. *State,* 127 Ark. 595, 193 S. W. 259; *Adams* v. *State,* 153 Ark. 202, 240 S. W. 5. The granting of a temporary injunction without notice addresses itself to judicial discretion in granting or withholding the relief. Thus, the requirement of due process is satisfied in a case of such brief restraint. 28 Am. Jur., Injunctions, § 246 and 152 A. L. R. 168. We are of the view that the question, however, becomes moot in the case at bar since following each temporary injunction there was a full-scale hearing preceding the issuance of the permanent injunctions. 43 C. J. S., Injunctions, § 180(d). An objection for lack of proper notice cannot be raised after a hearing on the merits in which the injunction is made permanent.

The appellant next asserts that the court erred in refusing to suppress the evidence because the affidavit and the search warrant were insufficient as a matter of law and, therefore, invalid. The affidavit reads in part:

"I, G. F. Weeks, do solemnly swear that gaming is being carried on and gaming equipment is concealed in the premises occupied by Bevis Recreational Parlor at 110 and 110½ Main in the State and County aforesaid, and pray a warrant from said Court to search said premises.".

Appellant argues that the place to be searched is not sufficiently identified in the affidavit since it describes the premises to be searched as the "Bevis Recreational Parlor at 110 and 110½ Main in the State and County aforesaid." Therefore, it could have referred to some city other than Little Rock. We do not agree with this assertion. The caption of the affidavit reads: "In the Municipal Court of L. R. Arkansas," and "State of Arkansas, County of Pulaski." Certainly this indicated sufficiently where the establishment was located. 79 C. J. S., Searches and Seizures, § 75; see, also, *United States* v. *Romano,* 203 F. Supp. (Conn. 1962).

The search warrant, based upon this affidavit, describes the place to be searched as "110 and 110½ Main in the City of Little Rock, occupied by Bevis Recreational Parlor" and describes the things to be seized as "prohibited gambling devices." The description of the premises to be searched and the things to be seized was sufficient to enable the officer to locate the premises and identify the concealed articles.

The appellant next asserts that the court committed prejudicial error in the admission of certain evidence offered by the appellee. As we have stated, the rules of chancery procedure are applicable in the case at bar whether the proceeding is being conducted in chancery or circuit court. Ark. Stat. Ann. § 34-105; *Siesta Cafe* v. *State, supra; Lawson* v. *State, supra.* Therefore, this appeal is reviewed *de novo* and we consider only the com-

petent testimony regardless of the ruling of the trial court on the challenged evidence. *Walsh* v. *Fairhead,* 215 Ark. 218, 219 S. W. 2d 941. Here we find no incompetent evidence was heard.

In his last point appellant questions the sufficiency of the evidence to convict for contempt, asserting that the "proceedings were in criminal contempt" requiring proof of guilt beyond any reasonable doubt. We do not agree with this contention. The General Assembly is vested with the authority to regulate by law the punishment of contempt for disobedience of process. Article 7, § 26, Arkansas Constitution. Accordingly, our Legislature has regulated the punishment of contempt for disobedience of a temporary or permanent injunction in a proceeding such as the case at bar. Ark. Stat. Ann. § 34-107. Thus, the test is whether the preponderance of the evidence supports the finding of the trial court since the rules of chancery procedure are applicable. *Alston* v. *State,* 216 Ark. 604, 226 S. W. 2d 988; *Brown* v. *State,* 206 Ark. 135, 173 S. W. 2d 1016; *Lawson* v. *State, supra.*

Further, we think the trial court should be sustained even if appellant were adjudged guilty of criminal contempt. We review the evidence in criminal contempt cases as in ordinary criminal cases. Therefore, we affirm if there is any substantial evidence to support the trial court's order. *Blackard* v. *State,* 217 Ark. 661, 232 S. W. 2d 977; *Songer* v. *State,* 236 Ark. 20, 364 S. W. 2d 155.

In the case at bar the appellant was present on his premises when they were searched. The arresting officers found an individual on the otherwise unoccupied second floor of appellant's establishment sitting alone inside a walk-in steel vault. The officers had to have it opened by a locksmith using a drill when appellant denied that he knew the combination or how to get into the vault. After thus opening the vault, the officers used a key in appellant's possession to open a locked compartment within the vault. On the table in front of the individual inside the vault were telephones, scratch sheets,

betting slips, tally sheets, and football cards. Officer Weeks testified that he accepted calls over these telephones from people placing bets on horses running at race tracks in Louisiana and Florida. There was evidence that the telephones found in the vault were listed in the directory in the name of Jo's Liquor Store and Pedigo Cleaners at 110½ Main Street. There was no cleaning establishment on the premises. The telephones were not "normal" installations. There is no need to detail the other evidence. It is clear that the evidence was amply sufficient to sustain the court's findings that appellant was operating his establishment in such a manner as to constitute a public nuisance and in violation of the court's permanent injunction.

Affirmed.

ROBINSON, J., not participating.