THE RENDEZVOUS CLUB ET AL *v.* STATE OF ARKANSAS, EX REL RICHARD B. ADKISSON PROSECUTING ATTORNEY

5-5012                                      447 S. W. 2d 842

Opinion delivered November 17, 1969

[Rehearing denied January 12, 1970.]

*Harold Hall,* for appellant.

*Joe Purcell,* Attorney General; By *Don Langston,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellants, The Rendezvous Club and Bill Hammer, Manager, appeal from a circuit court order holding Hammer in contempt and padlocking the premises of The Rendezvous Club for a period of one year.

On May 3, 1967, the appellee, by the prosecuting attorney, filed a verified petition and complaint against appellants in the circuit court alleging that appellant Hammer was operating The Rendezvous Club where various violations of the law were being committed. The appellee sought a temporary and a permanent injunction to abate the alleged nuisance. A temporary order was granted by the court. The appellants filed an answer denying the allegations and asked that the temporary order be vacated. On June 15, 1967, after hearing the evidence, the court found that The Rendezvous Club was a public nuisance since it was being operated in violation of Ark. Stat. Ann. § 34-101 (Repl. 1962) in that violations of the law were being permitted on the premises. The court then revoked the club's charter as a non-profit corporation and permanently enjoined appellant Hammer from operating The Rendezvous Club in any manner whatsoever contrary to the laws of this state. The court, however, permitted the appellant to reopen the premises to operate in a lawful manner. There was no appeal from this order. Since then The Rendezvous Club has been operated as a public place.

On January 28, 1969, the prosecuting attorney filed a motion for an order to require appellant Hammer to show cause why he should not be held in contempt of court and the premises padlocked for one year for operating The Rendezvous Club in violation of the court's permanent injunction and in violation of § 34-101 in that he suffered and permitted violations of the law by permitting his customers to consume alcoholic beverages in a public place, by permitting minors to consume and be in possession of alcoholic beverages, and by contributing to the delinquency of minors. The appellants duly filed a response resisting the motion of the prosecuting attorney. On February 6, 1969, the court conducted a hearing and found that appellant Hammer had operated The Rendezvous Club in violation of the permanent injunction in that he and his employees had

permitted possession and consumption of alcoholic beverages on the premises in violation of the law on the date of January 24, 1969. The court held him in contempt for violation of the court's previous order, fined him $50 and costs, sentenced him to 30 days in jail and padlocked the premises for a period of one year.

Appellants contend for reversal that the evidence is insufficient to support the findings and judgment of the court. We cannot agree with the appellants. There was evidence that about 10 p.m. on the night of January 24, 1969, law enforcement officials conducted a raid on appellant Hammer's place of business, The Rendezvous Club. Upon entering the door, a sign was observed which read: "Everybody bring their own bottle." The establishment was a public place, with no alcoholic beverage license, which had a cover charge of $1.25 for a man and 75c for a woman. Inside the premises the officers observed approximately 350 customers. Appellant Hammer was behind the counter furnishing waitresses with soft drinks and ice. The premises were being used primarily for dancing. The officers observed customers who had in their possession intoxicating liquor and were publicly drinking. Approximately 16 persons were arrested. It appears that four of those arrested and paying fines for public drunkenness or possessing intoxicants ranged in age from 18 to 20. There was evidence that appellant Hammer and those working for him acquiesced in the possession of intoxicating liquor and persons drinking in this public place of business.

We agree with the trial court's statement that: "* * * I think he [appellant Hammer] has violated my order on two grounds." One of these violations was permitting individuals under 21 years of age to possess intoxicating liquor on the premises. It is unlawful for any person under 21 years of age to have in possession any intoxicating liquor, wine or beer. Section 48-903.1 (Supp. 1967). Another violation which appellant permitted to occur was the drinking of intoxicating beverages on

these unlicensed public premises, as well as public drunkenness. Section 48-943 (Repl. 1964); *Berry* v. *City of Springdale,* 238 Ark. 328, 381 S. W. 2d 745 (1964).

We think the evidence of public drinking and possession of intoxicating liquor constitutes ample evidence of violations of the court's previous order that the appellant must not suffer or permit a violation of the law in any manner upon the club's premises. Section 34-101, et seq.; *Vandergriff* v. *State,* 239 Ark. 1119, 396 S. W. 2d 818 (1965).

Appellants rely primarily upon *Click* v. *State,* 206 Ark. 648, 176 S. W. 2d .920 (1944) and *Alston* v. *State,* 216 Ark. 604, 226 S. W. 2d 988 (1950). We do not consider these cases applicable to the case at bar since they do not pertain to the violation of a permanent injunction. We consider this case as being controlled by our decision in *Vandergriff* v. *State, supra,* which involved a violation of the court's permanent injunction.

Affirmed.