The Honorable Ron Fields Prosecuting Attorney Twelfth Judicial Circuit Sebastian County Courthouse Fort Smith, AR 72901
Dear Mr. Fields:
This is in response to your request for an opinion regarding an elected county official's service as an officer in a political party. You have asked, specifically, whether an elected county official may lawfully serve as secretary/treasurer for a major political party.
It is my opinion, although the issue is not easily resolved, that as a general matter such service is in all likelihood lawful. A conclusive determination would, however, require consideration of the particular county office in question.
The main question to be addressed is whether the party secretary/treasurer serves as an "election officer" for purposes of Article 3, Section 10 of the Arkansas Constitution, which states:
 No person shall be qualified to serve as an election officer who shall hold at the time of the election any office, appointment or employment in or under the government of the United States, or of this State, or in any city or county, or any municipal board, commission or trust in any city, save only the justices of the peace and aldermen, notaries public and persons in the militia service of the State. Nor shall any election officer be eligible to any civil office to be filled at any election at which he shall serve Ä save only to such subordinate municipal or local officers, below the grade of city or county officers, as shall be designated by general law.
The argument against the applicability of Art. 3, 10 would be initially premised upon the Arkansas Supreme Court's holding that constitutional provisions with respect to elections are generally not applicable to party primaries. See McLain v. Fish,159 Ark. 199, 251 S.W. 686 (1923), citing Hester v. Bourland, 80 Ark. 145,95 S.W. 992 (1906) and Ferguson v. Montgomery, 148 Ark. 83,229 S.W. 30 (1921) (holding that primary elections were unknown at common law, and are purely creatures of statute). See also Craig v. Sims, 160 Ark. 269, 255 S.W. 1 (1923). While the court in Craig recognized this precept, it also stated that the legislature is not prevented from making such constitutional provisions applicable to primary elections. 160 Ark. at 275.
The inquiry thus focuses on whether the legislature has made Art. 3, 10 apply to the position of secretary/treasurer for a political party. Arkansas Code Annotated 7-7-201 (1987) states that:
 (a) All political parties holding primary elections shall conduct the elections in conformity with the provisions of this act, and these elections are declared to be legal elections.
 (b) In cases of circumstances or procedures which may arise in connection with any primary election for which there is no provision of this act governing the circumstances or procedures, they shall be governed by the general election laws of this state or by party rules if there is no applicable general election law.
The legislature has thus made the general election laws apply to primary elections in those circumstances or as to those procedures not governed by the primary election laws. In this regard, the general applicability of art. 3, 10 to primary elections seems clear, given the absence of any governing primary election law. The inquiry does not end there, however. Consideration must, in my opinion, be given to A.C.A. 7-4-102
(Repl. 1991), wherein it states:
 (a)(1) The county chairman of the county committee of the majority party and the county chairman of the county committee of the minority party shall be members of the county board of election commissioners together with one (1) additional or third member to be appointed by the State Board of Election Commissioners.
 (2)(A) Provided, however, if the county chairman of a county committee of the majority party or the minority party is an elected official or is otherwise ineligible to serve as a member of the county board of election commissioners, he or she shall not serve as a member of the county board of election commissioners, but shall appoint someone to serve in his or her stead.
Section 7-4-102(a)(2)(A) indicates that while a county party chairman's position as an elected official would make him or her ineligible to serve as a member of the county board of election commissioners, this problem would be alleviated by the appointment of someone to the county board position. The clear implication is that the county party chairman's service as an elected official would not otherwise be prohibited. Subsection (a)(2)(B) further reflects the lawfulness of an elected official's service as county party chairman, wherein it states:
 No elected official who serves as county party chairman shall participate as a party officer in providing for or conducting a party primary election in which his or her name appears on the ballot as a candidate for any office.
It may therefore reasonably be concluded that the legislature did not intend, through passage of 7-7-201, supra, to apply the prohibition in art. 3, 10 to the party chairman. It is presumed, under 7-4-102, that an elected official may serve as a county party chairman.
It may be successfully contended that this presumption would also extend to the secretary/treasurer of the party. The legislature obviously did not perceive a need, when enacting 7-4-102, to affirmatively authorize an elected official's service as a county party chairman. The legislature apparently did not perceive that art. 3, 10 was applicable to the party chairman. I cannot discern a basis for according different treatment to the secretary/treasurer, who serves in a capacity similar to that of the party chairman. It is therefore my opinion that the secretary/treasurer is not an "election officer" for purposes of the prohibition in Ark. Const. art. 3, 10. Nor has my research yielded a separate basis for prohibiting an elected official from serving in that capacity.
This is not to say, however, that the elected county official will necessarily be eligible to serve as secretary/treasurer for a political party during an election at which his or her name appears on the ballot as a candidate for any office. While there appears to be no statutory or constitutional prohibition in this regard, the common law doctrine of incompatibility of offices should be considered. See generally Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966). The court in Byrd recognized the conflict of interest that exists where one who is involved in conducting an election becomes a candidate at that election.240 Ark. at 745. The role of the party secretary/treasurer in determining the eligibility of candidates (A.C.A. 7-7-301(b) (Repl. 1991)), arranging for the printing of the ballots (A.C.A. 7-7-305 (Supp. 1991)), and certifying the nomination of candidates certainly raises the specter of a conflict.
The question then arises whether this common law doctrine applies to party primary elections. It may be contended that this rule is part of the general election laws of this state, and is made applicable to party primaries by virtue of A.C.A. 7-7-201(b), supra. Failing that argument, the success of which cannot be fully assessed due to the absence of legislative or judicial guidance, it appears that any party rules on the subject will apply. Id.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh